The STATE of Ohio, Appellee,

v.

HAMED, Appellant.

[Cite as *State v. Hamed* (1989), 63 Ohio App.3d 5.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55149.

Decided May 15, 1989.

**6**

*John T. Corrigan,* Prosecuting Attorney, and *Bruce A. Zaccagnini,* for appellee.

*Mark B. Marein* and *David W. Dworken,* for appellant.

JOHN F. CORRIGAN, Judge.

The defendant, Aly Hamed, appeals from his conviction for trafficking in food stamps. See R.C. 2913.46(A). In his single assignment of error, he claims that the trial court abused its discretion in failing to hold a hearing on his post-sentence motion to withdraw his plea of no contest. This contention has merit, so we reverse his conviction.

## I

A grand jury indicted the defendant for trafficking in food stamps. After initially pleading not guilty to the charge, the defendant pled no contest and the trial court accepted that plea. The trial court thereupon found the defendant guilty and sentenced him to a term of incarceration of six months. Immediately following his sentencing, the defendant moved to withdraw his plea. The sole basis for the defendant's motion was his claim that he had been denied the effective assistance of counsel when entering his plea. In his sworn affidavit attached to the motion, the defendant averred that the factual claims made in his brief were true and he incorporated those claims by reference in his affidavit.

The defendant alleged that, prior to advising the defendant to enter his no contest plea, his retained counsel failed to discuss the facts of the case with him or interview potential witnesses. He claimed that his counsel disregarded information he produced which identified the true offender for the crime charged. The defendant also stated that his attorney told him that he would be found guilty whether he had committed the crime or not. His attorney advised him to plead no contest in order to resolve the case without offending the trial judge. The defendant stated that his counsel failed to discuss with him (1) plausible defenses, (2) alternative strategies, or (3) the nature and effect of his no contest plea.

The defendant claims that after the trial court accepted his plea, his attorney made no effort to produce mitigation evidence for his sentencing hearing which the trial court held two months later. He submits that

incarceration works a substantial hardship on his family because (1) he and his wife care for their severely handicapped child at home, and (2) his wife cannot operate her store alone because it is situated in a high-crime area. The record reveals, however, that the trial court did order the probation department to conduct a pre-sentence investigation and render a report.

## II

A trial court may allow the post-sentence withdrawal of a plea of guilty or no contest only to correct manifest injustice. Crim.R. 32.1; *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus. "The motion is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court." *State v. Smith, supra*, at 264, 3 O.O.3d at 404, 361 N.E.2d at 1326. Thus, a reviewing court shall not reverse a trial court's denial of that motion absent an abuse of discretion. *State v. Blatnik* (1984), 17 Ohio App.3d 201, 202, 17 OBR 391, 392–393, 478 N.E.2d 1016, 1018–1019.

A hearing on a post-sentence motion to withdraw a plea of no contest is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn. *State v. Blatnik, supra*, at 204, 17 OBR at 394–395, 478 N.E.2d at 1020; *State v. Harper* (Nov. 5. 1987), Cuyahoga App. Nos. 54098, 54099, 54187, 54188 and 54189, unreported, 1987 WL 19678; *State v. Reynolds* (Apr. 24, 1986), Cuyahoga App. No. 50368, unreported, 1986 WL 4956.

In this case, the defendant alleged that his counsel failed to adequately represent him at the time he pled no contest. In establishing a claim of ineffective assistance of counsel, a defendant must show (1) a substantial breach of an essential duty by counsel, and (2) resulting prejudice. *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 228, 4 OBR 580, 581–582, 448 N.E.2d 452, 454. Assuming that the defendant's allegations are true, his counsel did little more than stand by his side at the plea hearing. While these claims may well be unfounded, they required an evidentiary hearing prior to the disposition of the defendant's motion.

The state claims that the defendant merely raised broad, self-serving factual allegations in his motion. To the contrary, the defendant has specifically enumerated fundamental duties which his trial counsel failed to perform. The defendant's factual allegations suggest that his counsel failed to make even rudimentary preparations to represent his client's interests. Such conduct clearly violates an attorney's duty to represent his client competently.

Cf. DR 6–101(A)(2). In light of his claimed innocence, those breaches may well have seriously prejudiced him.

These allegations of ineffective assistance of counsel made by the defendant are far more serious and particularized than those made in previous cases addressing this issue. In *State v. Bates* (Oct. 13, 1983), Cuyahoga App. No. 45930, unreported, 1983 WL 2656, this court affirmed the trial court's denial of a post-sentence motion to withdraw a guilty plea where the defendant merely alleged that improper instructions by his attorney induced his plea. While the defendant in this case makes a similar allegation, he further cites specific instances where his counsel failed to make even minimal efforts to (1) assess the merits of his case, (2) investigate and assess potentially exculpatory evidence, (3) inform him of the consequences of his plea, (4) discuss the merits of alternative strategies, and (5) present mitigating evidence.

In *State v. Blatnik, supra,* the defendant alleged that his plea was induced by his counsel's erroneous advice that he would (1) undergo alcoholic rehabilitation, (2) serve a short term of imprisonment, and (3) serve his sentence in a county facility as opposed to a state penitentiary. The Sixth District Court of Appeals in that case affirmed the trial court's denial of the defendant's post-sentence motion. Again, that case is unlike the instant action in that the defendant made no allegations that his counsel failed to adequately prepare to represent him or ignored his claims of innocence.

In *State v. Reynolds* (Apr. 24, 1986), Cuyahoga App. No. 50368, unreported, the defendant alleged "that he was misled by counsel as to the seriousness of the offense, and that he pled guilty based upon representations made by counsel concerning the sentence." *Id.* at 3. The defendant failed to make specific allegations in support of his claims. This court affirmed the denial of the defendant's motion. Similar to the previously cited cases and as distinguishable from this case, the defendant in *Reynolds* did not claim that his counsel failed to adequately prepare his case. Also, the defendant failed to support his motion with specific allegations as the defendant does in the present action.

Accordingly, this case is distinguishable from previous cases in that the defendant claims that his counsel's failure to adequately prepare his case precluded him from entering his no contest plea knowingly, voluntarily, and intelligently. He does not merely claim that his counsel inaccurately predicted the trial court's sentence, he claims that his counsel failed to make minimal efforts to represent him. Since the defendant sufficiently alleges a case of ineffective assistance of counsel, this court should remand his case for a hearing to determine the truth of his allegations.

Accordingly, we reverse the trial court's denial of his motion to withdraw his plea and remand this case for an evidentiary hearing to determine the defendant's ineffective assistance claims.

*Judgment reversed*
*and cause remanded.*

DYKE, J., concurs.

PARRINO, J., dissents.

THOMAS PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.

THOMAS J. PARRINO, Judge, dissenting.

For the reasons herein stated, I respectfully dissent.

Defendant was indicted for trafficking in food stamps. On November 25, 1987, being represented by counsel, he entered a plea of no contest and was found guilty of the charge. He was referred to probation for a pre-sentence report. On January 20, 1988, he was sentenced to a term of imprisonment of six months. Shortly thereafter, defendant retained new counsel who, pursuant to Crim.R. 32.1, filed a motion to set aside the judgment of conviction and to withdraw defendant's plea of no contest. Attached to this motion was defendant's affidavit making several allegations of ineffective assistance of counsel. The trial court, without conducting an evidentiary hearing, denied defendant's motion. Defendant claims that the trial court abused its discretion in denying his motion. I disagree.

Crim.R. 32.1 provides that a court may, after sentence, set aside a judgment of conviction to correct a manifest injustice. I find no manifest injustice resulting from the court's denial of defendant's motion.

I have reviewed defendant's affidavit which was attached to his motion. Despite its allegations, and upon full consideration of the entire record, especially the trial court's journal entries, I cannot find that the trial court abused its discretion in failing to grant defendant an oral hearing or in denying his motion to withdraw his plea of no contest. See *State v. Jackson* (1980), 64 Ohio St.2d 107, 18 O.O.3d 348, 413 N.E.2d 819; *State v. Reynolds* (Apr. 24, 1986), Cuyahoga App. No. 50368, unreported, 1986 WL 4956. It is not the purpose of Crim.R. 32.1 to permit the entry of a guilty or no contest plea merely to test the weight of potential punishment. *State v. Smith* (1977), 49 Ohio St.2d 261, 264, 3 O.O.3d 402, 404, 361 N.E.2d 1324, 1325–1326.

The trial court's journal entry of December 2, 1987 recites the events which occurred at the taking of defendant's no contest plea on November 25, 1987. The court's journal entry clearly states that it heard evidence before making a finding of defendant's guilt.

Filed with defendant's notice of appeal to this court was a praecipe which enumerated the contents of defendant's appellate record. Specifically, excluded from the record by defendant was a transcript of proceedings. Hence, the record does not contain a transcript of the proceedings which occurred at the time defendant entered his plea of no contest.

However, an important fact must be noted. At page 6 of appellant's brief, he states: "The trial court accepted appellant's plea after making the requisite determinations that the plea was being entered knowingly, voluntarily and intelligently."

In this posture, I must conclude that: (1) Defendant was represented by counsel of his choice at the time he entered his plea of no contest. (2) The court received evidence which supported its finding of defendant's guilt. (3) The defendant's affidavit is unsupported by other evidence and is insufficient to justify a conclusion that the trial court abused its discretion in failing to give defendant an oral hearing on his motion. (4) There is no claim that the defendant is innocent or that his conviction is not supported by evidence received by the court. (5) The defendant entered his no contest plea knowingly, voluntarily, and intelligently. (6) Manifest injustice does not result from the trial court's action denying the defendant's motion.

Under these circumstances, I cannot find that the trial court abused its discretion in refusing to allow defendant-appellant, after sentence, to withdraw his guilty plea.

I would affirm.