Wendell I. Jones appeals from an order entered by Judge Mary E. Donovan (hereafter "the trial court") denying his motion to vacate guilty pleas entered almost six years after those pleas were entered. Jones' single assignment of error is as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT REFUSED TO GRANT A HEARING ON APPELLANT'S REQUEST TO WITHDRAW HIS GUILTY PLEA.
The factual background and rationale of the trial court in overruling Jones' motion are found in the "findings of fact" and "legal analysis" contained in the trial court's comprehensive decision and entry denying relief:
FINDINGS OF FACT
 On April 25, 1991 the Defendant was charged by Bill of Information with two counts of burglary each with a prior aggravated felony specification. On the same day the Defendant plead guilty to said offenses and was sentenced to a term of ten (10) years actual incarceration to no more than fifteen (15) years on each count to be served concurrent to each other and concurrent to a sentence imposed in another case (90-CR-3395). The Defendant did not file an appeal to the Second District Court of Appeals. On July 20, 1993 the Defendant filed a petition to vacate his convictions. The Defendant asserted that his pleas were involuntarily made because he was high on crack cocaine at the time of his pleas and that his counsel inadequately advised him concerning the pleas. After a full hearing the Court overruled said petition. Thereafter, the Second District Court of Appeals affirmed the judgment of the Trial Court. The Appellate Court found that the Trial Court throughly complied with the requirement of Criminal Rule 11. Further, the Appellate Court found that Defendant's guilty pleas were based on a negotiated pleas with the sentence being agreed to by all the parties. On May 9, 1997, the Defendant filed a Motion for Shock Probation pursuant to Ohio Revised Code § 2947.061(B). On June 3, 1997, this honorable Court overruled said Motion the defendant being statutorily ineligible for shock probation. On July 21, 1997, the Defendant filed the instant Motion to Vacate Plea. The Defendant asserts that the trial judge in this case, Judge Richard S. Dodge, was also his previous attorney in an earlier case (82-CR-1135), the Defendant asserts that there is a conflict of interest which merits withdrawal of his pleas in this case. LEGAL ANALYSIS
 Criminal Rule 32.1 provides the basis for the withdraw of a guilty plea after sentence is imposed:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
 The Ohio Supreme Court set forth the standard for establishing manifest injustice to set aside a guilty plea in State v. Smith (1977), 49 Ohio St. 261. In Smith the court stated that in only in "extraordinary cases" is a post sentencing withdrawal motion allowable. The Defendant carries a heavy burden of establishing the existence of "manifest injustice". State v. Kessler
(September 13, 1993), Mont. App. No. 13870, unreported. The burden placed upon a defendant requires him to establish the existence of a manifest injustice that the plea withdrawal can correct. A court need not hold a hearing on such a motion if the facts alleged to support the motion if accepted as true would not require the court to permit the plea to be withdrawn. State v. Hamed (1989), 63 Ohio App.3d 5. Additionally a defendant may not rely solely on his own affidavit. Kessler
citing State v. Kapper (1983), 5 Ohio St.3d 36.
 In this case, assuming that Judge Richard Dodge had previously represented the Defendant nine years earlier, Defendant has failed to allege/show the existence of manifest injustice. The Defendant provides only a bare bones conflict of interest claim offered in his own affidavit. The Defendant has failed to set forth any facts sufficient to warrant an evidentiary hearing. Further, the Defendant has failed to put forth any legal authority in support of his claim. Accordingly, the Defendant has not met the heavy burden required by law. It is evident from the record that the Defendant entered a negotiated plea on a Bill of Information in exchange for the State agreeing not to pursue an additional four charges of aggravated burglary or burglary, a charge of criminal tools and a charge of drug abuse.
 Additionally, the Defendant knew the sentence the State and his Defense attorneys discussed and the Court committed to imposing the same. In fact, the Court exercised no independent discretion in imposing sentence, but sentenced in accordance with a plea and sentencing arrangement.
 The record before the Court supports a conclusion the Defendant knowingly, voluntarily, and intelligently entered his pleas of guilty based upon his understanding of the pleas agreement as well as the sentencing agreement. Obviously, the Defendant was aware of the fact that he was previously represented by Judge Dodge nine years earlier at the time his plea was entered as well as the time the sentence was imposed.
 In conclusion, the Defendant is not entitled to an evidentiary hearing nor is he entitled to withdraw of his previous pleas of guilty.
The trial court correctly observed that it was not required to conduct a hearing absent facts alleged in support of the motion which, if true, would require the vacation of the guilty pleas.
The only facts supporting Jones' motion were those contained in his own affidavit:
 2. Previously, in Case No. 82-CR-1135 in the Common Pleas Court of Montgomery County, Ohio, I was represented by defense attorney Richard Dodge.
 3. In the case at bar, my Judge was also my previous attorney, Richard Dodge.
 4. Prior to the entry of my plea, I was not informed by my attorney that I would be able to request the withdrawal of the Judge who was my previous defense attorney.
 5. If I was so advised, I would have requested that Judge Dodge recluse (sic) himself from this matter.
 6. Despite his previous representation, Judge Richard Dodge did handle my plea and sentencing and did in fact order me to serve time in the State penitentiary.
Based on these facts, counsel for Jones argued, in effect, that the "conflict" disclosed by the facts — i.e. the sentencing judge's previous representation of Jones — entitled Jones' to withdraw his guilty pleas. Other than this bare assertion, counsel offered no authority to the trial court in support of the motion. On appeal, that same counsel offers up "Canon 3(C)(1)(b)" of the Code of Judicial Conduct for our consideration. "Canon 3(C)(1)(b)" is non-existent but Canon 3(E)(1)(b) does exist and provides:
 (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
* * *
 (b) The judge served as a lawyer in the matter in controversy, a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a material witness concerning the matter;
Judge Dodge's prior representation of Jones on an unrelated matter clearly did not meet the specific criteria of Section 3(E)(1)(b). Other than incanting the magic words of Section 3(E)(1), Jones offers no factual explanation of how or why Judge Dodge's impartiality might have reasonably been questioned. Nor does anything of record otherwise suggest that Judge Dodge's impartiality might have reasonably be questioned. It might have been a different story had, for example, Judge Dodge prosecuted Jones in the past but that was not the situation. The cases cited by Jones are not persuasive given the situation presented here.
In short, Jones' failed to assert facts which made out a conflict of interest which would have required Judge Dodge to recuse himself, even if Jones had requested it. Hence, Jones' pleas could not have been involuntary on that basis.
Remarkably, Jones has not argued either in the trial court or here that the alleged "conflict" has worked a "manifest injustice", which is the quid pro quo for a withdrawal of guilty plea after sentencing." Crim.R. 32.1. Indeed, as discussed by the trial court, Jones' pleas were part of a package deal wherein Judge Dodge did no more than impose the sentence the parties had agreed to. It is difficult to even imagine how Jones might have been victimized by Judge Dodge's alleged partiality.
This appeal is utterly without merit. The assignment of error is overruled. The judgment will be affirmed.
YOUNG, P.J. and BROGAN, J., concur.
Copies mailed to:
Cheryl A. Ross
John H. Rion
Hon. Mary Donovan