OPINION
This appeal is taken by defendant-appellant Robert Lonberger from a judgment of the Court of Common Pleas of Allen County denying his motion to withdraw his guilty plea after sentencing.
On August 6, 1996, caseworker Bonita Haynes was found murdered in a rest room near her office at Lima Correctional Institute ("LCI"). On December 12, 1996, the grand jury indicted Lonberger and co-defendant John Daniels on one count aggravated murder with a death penalty specification, violating R.C.2903.01(B). Lonberger entered a plea of not guilty on December 20, 1996. On April 12, 1997, Lonberger changed his plea to guilty pursuant to a plea agreement, by the terms of which, Lonberger agreed to plead guilty to aiding and abetting Daniels in the purposeful causing of Haynes' death while fleeing after attempting to commit rape. In addition, Lonberger agreed to admit that he was a prisoner at LCI at the time of the offense and agreed to testify against Daniels. In exchange for the guilty plea, the State agreed not to present any evidence at sentencing that would establish that the aggravating circumstances outweighed the mitigating factors and to recommend that Lonberger receive life in prison without parole as his sentence. The trial court accepted this agreement after a lengthy exchange with Lonberger and sentenced him to life in prison without parole.
In September 1997, Lonberger filed several motions to withdraw his guilty plea to avoid a manifest injustice. The trial court entered judgment denying Lonberger's motions after reviewing the arguments presented, the applicable law, and the pleadings. Lonberger now appeals from that judgment.
Lonberger raises one assignment of error.
 The trial court erred and abused its discretion and, thereby, denied Lonberger his due process and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution, when the trial court overruled Lonberger's motion to withdraw his guilty plea without a hearing on the issues raised in the motion.
The withdrawal of a guilty plea is governed by Crim.R. 32.1, which states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
Here, sentence was imposed several months before Lonberger filed his motion to withdraw his plea. Therefore, the withdrawal of the plea is only appropriate if the trial court finds it is necessary to correct a "manifest injustice."
The Supreme Court of Ohio has held that a court may withdraw a guilty plea after sentencing in "extraordinary cases." State v.Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. The burden of proving a "manifest injustice" rests with the defendant and the decision whether to grant the motion is within the sound discretion of the trial court. Id. "Generally, a hearing on a postsentence motion to withdraw a plea `is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn.'" State v. Nathan
(1995), 99 Ohio App.3d 722, 651 N.E.2d 1044 (citing State v. Hamed
(1989), 63 Ohio App.3d 5, 577 N.E.2d 1111).
In this case, Lonberger asserts that a manifest injustice occurred when he received a life sentence without parole and Daniels was convicted of murder, but received a sentence of only 15 years to life. Lonberger claims that since he was not the primary offender, it is manifestly unjust that he receives a harsher sentence just because he agreed to a plea. However, this argument ignores the record before this court. The record reveals that Lonberger voluntarily changed his plea pursuant to the agreement. The trial court held a lengthy dialogue with Lonberger to guarantee that he fully understood what he was doing when he entered the plea. Lonberger told the trial court in his own words on the record what the plea agreement meant to him. Thus, the fact that Daniels received a different sentence is not a fact that would require the trial court to allow the withdrawal of Lonberger's plea. The record supports the fact that Lonberger voluntarily, knowingly, and intelligently entered his plea of guilty pursuant to the agreement. Therefore, no evidentiary hearing was required on the motion and Lonberger's assignment of error is overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
 HADLEY and EVANS, JJ., concur.