OPINION
On November 21, 1996, Joseph Guard was charged via a bill of information with two counts of attempting to use a minor in nudity oriented material or performance. R.C. 2907.323(A)(1), R.C.2923.02(A). These charges stemmed from Guard's actions in photographing a minor female in various stages of nudity. Guard was also charged with one count of sexual imposition. R.C.2907.06(A)(1). This charge arose out of Guard's contact with the subject's breast while adjusting her bra for the photographs.
Pursuant to a negotiated plea agreement, Joseph Guard entered pleas of guilty to all three charges and was subsequently sentenced by the trial court to an aggregate term of three years imprisonment. No direct appeal was taken from Guard's conviction and sentence.
On April 15, 1998, Joseph Guard filed a petition for post-conviction relief pursuant to R.C. 2933.41, seeking the release and return of certain personal property which had been seized by Xenia police. On June 1, 1998, Guard filed a "Motion to Correct Manifest Injustice," seeking to withdraw his guilty pleas.
After the State filed a response to Guard's petition seeking the release of property, the trial court entered a judgment on July 17, 1998, ordering the State to provide a description of each item of Guard's property held by Xenia police, along with an explanation for why that property had not been returned to Guard. The State complied on July 31, 1998, by providing an itemized list and description of all property being held. Guard subsequently filed his response thereto, challenging the State's characterization of that property.
On August 27, 1998, the trial court entered its judgment entry sustaining in part and overruling in part Guard's request for the return of his property. The trial court did not examine the property itself, but instead relied solely upon the State's description and characterization of the property.
The trial court held that two Playboy magazines, a business log, and photographs depicting Guard and his wife should be returned to Guard. The trial court also ordered that a blouse belonging to Guard's wife be returned to her.
The trial court concluded that the remainder of the property were photographs of minors in various stages of nudity. The trial court noted that the State has a compelling interest in protecting children from the exploitation and abuse caused by child pornography which outweighs Guard's First Amendment interests in possessing that material. The trial court concluded that, pursuant to R.C. 2907.323(A)(3), it was illegal for Guard to possess the nude photographs, and because this material had been used in the commission of Guard's offenses he had lost his right to possess that property. R.C. 2933.41(C)(1). Accordingly, the trial court refused to return these nude photographs to Guard. On September 18, 1998, Joseph Guard timely filed his notice of appeal to this court (Case No. 98CA98) from the trial court's decision.
On August 27, 1998, the trial court also filed its judgment entry overruling Guard's motion to withdraw his guilty pleas. The trial court concluded that, with respect to each of Guard's proffered justifications for withdrawing his pleas, Guard either had failed to provide any evidentiary support for his claims or that the record of the guilty plea proceedings expressly refuted Guard's claims. Thus, the trial court concluded that a manifest injustice was not demonstrated, and accordingly it denied Guard's request to withdraw his guilty pleas. On September 17, 1998, Joseph Guard timely filed his notice of appeal to this court from that decision (Case No. 98CA97).
For judicial economy, this court consolidated cases 98CA97 and 98CA98 for purposes of appeal.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S PETITION TO RELEASE HELD PROPERTY WITHOUT CONDUCTING A HEARING OR AN IN-CAMERA INSPECTION.
R.C. 2933.41 sets up policies and procedures for disposing of property that has been seized by law enforcement agencies, which includes the return of that property to persons entitled to its possession. R.C. 2933.41(B). The statute also sets up exceptions whereby persons lose their right to recover certain types of property which police have seized.
Joseph Guard filed a petition pursuant to R.C. 2933.41
requesting the return of certain items of his personal property that were seized by Xenia police, including a number of photographs. In denying Guard's request for the return of his photographs based upon some of the exceptions for which R.C.2933.41 provides, the trial court declined to review the photographs itself, and instead relied upon a description and characterization of that property provided by the State.
R.C. 2907.323(A)(1), (A)(3), provides that no person shall photograph any minor who is not the person's child in a state of nudity, or possess or view such material, unless certain limited circumstances not applicable here apply. The trial court denied Guard's request for the return of his photographs pursuant to R.C.2933.41(C), which provides:
 (C) A person loses any right that the person may have to the possession, or the possession and ownership, of property if any of the following applies:
 (1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense.
 (2) A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property.
Before holding that the photographs Guard asked to have returned to him were illegal for Guard to possess, and that Guard had lost his right to possess that property pursuant to R.C.2933.41(C) because it was the subject of Guard's offenses, the trial court was required to make findings of fact to support that holding. In performing that task and finding that the photographs depict minors in various states of nudity, we believe the trial court was obligated to personally inspect the photographs in question before denying Guard's request for return of that property on the grounds provided by R.C. 2933.41(C). At oral argument the State conceded that it could "live with" an in-camera inspection of the photographs by the trial court.
Accordingly, this assignment of error is well taken. The decision of the trial court denying Guard's request for the return of his photographs will be reversed, and this case will be remanded to the trial court for the purpose of conducting an in-camera inspection of those photographs, prior to determining Guard's request that the property be returned to him in accordance with R.C. 2933.41.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS WITHOUT CONDUCTING A HEARING.
A post sentence motion to withdraw a guilty plea is allowed only in extraordinary cases to correct a manifest injustice. The matter is one addressed to the sound discretion of the trial court. State v. Smith (1977), 49 Ohio St.2d 261; State v.Carabello (1985), 17 Ohio St.3d 66. A hearing is not required unless the facts alleged by defendant, if accepted as true, would require the court to grant the motion to withdraw the plea. Statev. Hamed (1989), 63 Ohio App.3d 5. In order to trigger the hearing requirement, the defendant must support his allegations with some evidentiary material other than his own self-serving affidavit. State v. Jones (March 27, 1998), Montgomery App. No. 16775, unreported; State v. Anderson (November 20, 1998), Montgomery App. No. 17040, unreported.
In this case, Joseph Guard did submit with his motion to withdraw his guilty pleas various evidentiary materials, including a letter from the prosecutor to defense counsel regarding the terms of the plea agreement, a polygraph stipulation, portions of the transcript from the guilty plea and sentencing proceedings, and a letter from defense counsel to a probation officer regarding preparation of the presentence investigation report.
In examining the various grounds which Guard asserts for withdrawing his guilty pleas, we note that many of his claims are based upon matters which are de hors the record. For example, Guard claims that his trial counsel performed in a constitutionally deficient manner by failing to investigate this case, request appropriate discovery, or prepare a defense. Guard also claims that the prosecutor coerced him into pleading guilty, and that the probation officer who prepared the presentence report was biased against him. These claims are either not supported by the evidentiary materials submitted by Guard, or they are affirmatively refuted by parts of the record such as the transcript of the guilty plea proceedings.
Some of Guard's other claims, that his offenses do not qualify as a "sexually oriented offense," and that the sentence he received was not imposed in accordance with law, are simply legally incorrect and are likewise not supported by the record in this case. With respect to all of these aforementioned claims, Guard has failed to demonstrate any manifest injustice, and the trial court did not abuse its discretion in denying Guard's motion to withdraw his guilty pleas with respect to these claims without a hearing.
A more difficult question, however, is presented by Guard's claim that he should be allowed to withdraw his guilty pleas because the State breached the terms of the plea agreement. Guard has supported this claim with various evidentiary materials which demonstrate that, in exchange for Guard's guilty pleas, the State agreed to "defer any sentencing recommendation to the wishes of the victims and the recommendations of the Adult Probation Department after the completion of a presentence investigation." At the sentencing proceeding, however, the State presented, "Miss Hughes," who made a statement to the court recommending that Joseph Guard receive a prison sentence.
It is unclear from the record before this court who "Miss Hughes" was, and whether the role she played at Guard's sentencing proceeding was proper, given the terms of the plea agreement. At oral argument the parties assured this court that "Miss Hughes" is neither a victim-witness advocate, nor an employee of the Greene County Adult Probation Department.
If, as some portions of the record before us suggest, there were two victims with respect to the specific offenses to which Joseph Guard pled guilty, Audrey McCarty and Amanda Hughes, and if "Miss Hughes" is the mother of victim Amanda Hughes, then the statement by "Miss Hughes" at sentencing on behalf of her daughter would not violate the plea agreement. If, on the other hand, as was suggested by the parties at oral argument, there is only one victim with respect to the specific offenses to which Joseph Guard pled guilty, Audrey McCarty, Defendant Guard's stepdaughter, then the presentation by the State of a sentencing recommendation from a third person unrelated to either the victim or the Adult Probation Department may well constitute a violation of the terms of the plea agreement, entitling Guard to withdraw his guilty pleas.
In examining the record presently before us we cannot reasonably determine who "Miss Hughes" was, or whether the offenses to which Joseph Guard pled guilty in this case involved one or two victims. Inasmuch as the validity of Guard's claim that the State violated the terms of the plea agreement is dependent upon the resolution of those facts, and inasmuch as the facts as they have been alleged by Guard, if accepted as true, could permit the trial court to allow withdrawal of Guard's pleas, Joseph Guard was entitled to a hearing on his claim and the trial court "abused its discretion" in not affording him one.
Accordingly, these assignments of error are overruled in part and sustained in part. With respect to the third assignment of error, the judgment of the trial court overruling Guard's motion to withdraw his guilty pleas without a hearing will be reversed, and this matter will be remanded to the trial court for the purpose of holding a hearing on Joseph Guard's claim that the State breached the terms of the plea agreement in this case.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
Robert K. Hendrix, Esq.
David R. Miles, Esq.
Hon. M. David Reid