OPINION
Appellant, Kenneth E. McDowell, appeals from a decision of the Portage County Court of Common Pleas denying his delayed motion to withdraw his guilty plea. The following facts are relevant to a determination of this appeal.
On February 6, 1998, appellant was indicted by the Portage County Grand Jury on four counts: possession of marijuana; complicity in the trafficking of marijuana; possessing criminal tools; and, funding of marijuana trafficking. Appellant initially entered a plea of not guilty on March 4, 1998. Subsequently, on April 22, 1998, appellant agreed to plead guilty to possession of marijuana and funding marijuana trafficking in exchange for the two other charges being dropped. Appellant was informed in the written plea agreement that the offenses to which he was pleading guilty carried terms of "1, 2, 3, 4, 5 years in prison for each [count]."
Following a plea hearing on April 22, 1998, the trial court accepted appellant's plea and ordered a pre-sentence report from the adult probation department. A sentencing hearing was conducted on May 14, 1998. On May 15, 1998, the trial court sentenced appellant to a definite term of three years incarceration on each of the two charges, with the sentences running consecutively. Additionally, appellant's driver's license was suspended for five years, and he was ordered to pay a fine of $5,000 plus court costs.
Nearly a year later, on April 15, 1999, appellant filed a prose delayed motion to withdraw his guilty pleas alleging, interalia, that the trial court had failed to advise him that he was not eligible for probation as required by Crim.R. 11(C)(2)(a). On May 6, 1999, the day docketed for hearing appellant's motion, the trial court overruled appellant's motion to withdraw his plea.
Appellant timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. The trial court erred and abused its discretion by denying the appellant's motion to withdraw his guilty plea.
 "2. The trial court erred when it entered a judgment of conviction and sentenced appellant on allied offenses of similar import in violation of R.C. 2941.25 and failed to conduct a hearing in determining whether the convicted charges were allied offenses of similar import.
 "3. The trial court erred to the prejudice of the appellant by imposing fines and costs in violaiton [sic] of R.C. 2929.14 and by denying appellant's motion to vacate fines and costs.
 "4. The appellant was denied the effective assistance of counsel as defense counsel's actions and omissions deprived appellant of the effective assistance of counsel as guaranteed by the Sixth
and Fourteenth Amendments of the U.S. Constitution and Article I, Section 10 of the Ohio Constitution."
 In his first assignment of error, appellant contends that the trial court erred by overruling his delayed motion to withdraw his guilty plea. Specifically, appellant argues that he was implicitly told prior to entering his plea that he was
eligible for probation. In fact, he was not eligible and, thus, should have been informed of that fact. In determining such a motion, the trial court is not always required to have an oral hearing with the introduction of evidence. The substance of the motion, the allegations made therein, as well as the overall circumstances surrounding the motion can be considered by the court in evaluating the need for a hearing. If the existing record coupled with the content of the motion itself can resolve the issue raised, then no additional evidential intake is necessary. State v. Blatnik (1984), 17 Ohio App.3d 210, 214. Thus, the first issue we will address is whether there was a need for evidential intake in addressing this motion.
Appellant's primary assertion is that he was misled prior to entering his plea about the possibility of probation being a part of his sentence. Appellant asserts that this was a direct violation of Crim.R. 11(C), which provided,[1] in relevant part:
" * * *
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and doing all of the following:
 "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that he is not eligible for probation."
 The Supreme Court of Ohio and this court have repeatedly held that strict compliance with Crim.R. 11(C) is only required when a trial court informs an accused of his Fifth Amendment privilege against self-incrimination, the right to trial by jury, and the right to confront his accusers. State v. Nero
(1990), 56 Ohio St.3d 106, 107; State v. Rucker (Apr. 3, 1998), Ashtabula App. No. 96-A-0051, unreported, 1998 WL 258433, at 3. In almost all other instances, substantial compliance with Crim.R. 11(C) is all that is required. Nero at 108; Rucker at 3.
In order to establish substantial compliance, the totality of the circumstances must be considered to determine whether the defendant substantially understood the implications of the plea and the rights that were waived. Nero at 108; Rucker at 6. TheNero court held:
 "Where the circumstances indicate that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea to the nonprobationable crime of rape without personally advising the defendant that he was not eligible for probation constitutes substantial compliance with Crim.R. 11. * * *" (Citations omitted.) Id. at syllabus.
 Upon review of the record in the instant matter, we determine that the requirements of Crim.R. 11(C)(2)(a) as to the non-constitutional factors have been substantially met. To support his claim, appellant relies on the colloquy that occurred on April 22, 1998, when appellant changed his plea from not guilty to guilty. There, the following exchange occurred.
 "THE COURT: You understand that under each of these charges, you could be imprisoned, one, two, three, four or five years on each count?
"DEFENDANT: Yes, sir.
 "THE COURT: Now, do you understand the Court will refer this matter for sentencing investigation, and the Court could determine you should be imprisoned under this?
"DEFENDANT: Yes, sir.
"THE COURT: You understand that?
"DEFENDANT: Yes, sir.
 "THE COURT: And do you understand that if you're imprisoned, then the prison authorities could have control over you for a period of three years after your release?
"DEFENDANT: Yes, your honor."
 Appellant argues that the language chosen by the trial court failed to indicate that he was not eligible for probation and, in fact, suggested that probation was a possibility. We admit that the verbiage chosen by the trial court left room for misinterpretation, but the foregoing excerpt cannot be viewed in isolation.
However, at the same time, appellant also signed a written plea agreement indicating that the offenses to which he was pleading guilty carried sentences of one, two, three, four or five years each. Probation was not listed as one of the options.
The record further reveals that, at appellant's sentencing hearing, appellant and his attorney listened without objection while the assistant prosecutor stated on the record, that "the defendant agreed and the state agreed the appropriate sentence would be for the defendant to serve three years in prison on each count, and that three years on each count would run consecutive and not concurrent." Appellant's trial counsel then stated, "[w]e understand the recommended sentence would be three years on each of the counts, consecutive." The trial court then asked appellant whether there was anything he wanted to say before sentence was imposed. Appellant responded, "[n]o, your honor."
While the above exchange occurred after appellant had changed his plea, it is probative of appellant's understanding of the implications of his plea and ultimate sentence. Additionally, it is evident that it took appellant almost a year after sentencing to object to the trial court's failure to explicitly inform him that he was not eligible for probation.
While obviously appellant now claims prejudice, as he is currently languishing in prison, there is no claim of the type of prejudice contemplated as a basis for relief from any error of the trial court which may have occurred. We conclude that the trial court did not abuse its discretion in not conducting an evidential hearing on the issues raised in appellant's motion. Under the totality of the circumstances found in the record and available to the trial court, it is evident that appellant substantially understood the implications of his plea and the rights that he waived.
As a result, there can only be harmless error, if that, in reference to appellant's claim that the trial court erred in denying his motion to withdraw his plea after conducting a hearing that he was not permitted to attend. First, the record does indicate that a "hearing" was docketed for May 6, 1999. The hearing in its totality was as follows:
 "MR. MULDOWNEY: Your honor, this is State of Ohio versus Kenneth McDowall [sic], Case No. 98 CR 0026. This is a Pro Se Motion, Delayed Motion to Withdraw a Guilty Plea.
 "THE COURT: Is Mr. McDowall [sic] here?
 "MR. MULDOWNEY: I don't believe so, Your Honor.
 "THE COURT: The Motion is overruled."
 Appellant, who was incarcerated at the time, had requested that he be allowed to attend. That request was either ignored or implicitly denied. Any motion not expressly ruled on is deemed overruled. Takacs v. Baldwin (1995), 106 Ohio App.3d 196, 209.
It is well-established under Ohio law that a defendant "has a fundamental right to be present at all critical stages of his criminal trial." State v. Hill (1995), 73 Ohio St.3d 433, 444. The Ninth Appellate District has held that when the motion presents a sufficient factual basis that warrants the scheduling of an evidential hearing, the refusal of the trial court to allow the defendant to be present denies him a meaningful opportunity to be heard. State v. Thrower (1989), 62 Ohio App.3d 359, 381.
However, as previously discussed, the right to be present is first dependent on whether there was a need for an evidential hearing to determine the motion. Here there was no need to take in additional evidence. The motion was capable of being decided solely on the existing record. "When a trial court reviews a motion to withdraw a guilty plea, it decides, based upon the allegations in [the] motion, whether to hold an evidentiary hearing on the motion." State v. Nathan (1995), 99 Ohio App.3d 722,725. A hearing is only "`required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn.'" Id., quoting State v. Hamed (1989),63 Ohio App.3d 5, 7.
The designation of a "hearing" on the docket may have only meant that the court would take the matter under advisement at that time. The vast majority of courts in Ohio have local rules which allow for the consideration of motions without the need for an oral hearing. Thus, the use of the term "hearing" does not necessarily imply an oral hearing. Rather, it could have been simply the date set for a decision to be made. Regardless, little prejudice can occur if no evidence is needed and none is taken. In the case at bar, the hearing that occurred concerning appellant's motion to withdraw his guilty plea was not an ex parte evidential hearing. Accordingly, appellant's absence from this non-evidential hearing did not constitute error. Hence, appellant's first assignment of error is without merit.
Appellant's second, third, and fourth assignments of error address issues that could have been raised in a direct appeal from appellant's conviction. Thus, those issues are not properly before us as appellant's notice of appeal was filed well after the thirty-day time period expired for perfecting an appeal. Accordingly, these assignments of error are also without merit.
Based upon the foregoing analysis, the judgment of the trial court is hereby affirmed.
 ____________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., dissents with Dissenting Opinion, FORD, J., concurs.
[1] Crim.R. 11(C) was amended in 1998; however, appellant's plea was taken before the effective date of the amendment. Crim.R. 11(C) now includes provisions for community control sanctions, which is the new term for probation pursuant to S.B. No. 2. R.C. 2929.15.