OPINION
{¶ 1} On May 2, 2001, the Muskingum County Grand Jury indicted appellant, Jack Paynter, on eight counts of rape in violation of R.C. 2907.02 and three counts of gross sexual imposition in violation of R.C. 2907.05. On September 24, 2001, appellant pled guilty as charged. By judgment entry filed November 14, 2001, the trial court sentenced appellant to a total aggregate term of six years in prison.
 {¶ 2} On May 1, 2003, appellant filed a motion to withdraw his guilty pleas pursuant to Crim.R. 32.1. By judgment entry filed June 20, 2003, the trial court denied said motion without hearing.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court abused its discretion when it failed to hold an evidentiary hearing on the defendant-appellant's post-sentence motion to withdraw guilty plea pursuant to Ohio rules of Criminal Procedure, Crim.R. 32.1, where the supporting affidavits and evidentiary documents and material was sufficient to establish a `prima facie' claim of the denial and ineffective assistance of trial counsel, in violation of United States Const. Amends. 5, 6, 14, and O. Const. Art. I, §§ 10, 16."
 I {¶ 5} Appellant claims the trial court erred in denying his motion to withdraw his guilty pleas pursuant to Crim.R. 32.1. Appellant claims at the very least, his motion presented an evidentiary issue which entitled him to a hearing.
 {¶ 6} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. State v. Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 7} Because appellant filed his motion to withdraw his plea after sentencing, the motion could have been granted only with a showing of manifest injustice. It is appellant's position because his assertions and affidavit conflict with the affidavit of his former trial counsel, he should have been afforded a hearing.
 {¶ 8} In support of this argument, appellant cites this court to cases involving the post-conviction relief statute. State v.Swortcheck (1995), 101 Ohio App.3d 772; State v. Strutton
(1988), 62 Ohio App.3d 248. Appellant also argues the ten day time limit for answer in R.C. 2953.21(D).
 {¶ 9} In State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, the Supreme Court of Ohio has found that a motion pursuant to Crim.R. 32.1 is not governed by the post-conviction relief statute. We are left with the single issue of whether the record before this court supports the trial court's decision not to hold a hearing on the motion.
 {¶ 10} A trial court is required to hold a hearing on a motion to withdraw a guilty plea "if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." State v. Hamed (1989),63 Ohio App.3d 5, 7. "[T]he good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith, supra, at 264.
 {¶ 11} As stated supra, appellant's assertions in his affidavit are refuted by his trial counsel's affidavit. Clearly, the credibility of the two affidavits is at issue. Therefore, based upon the facts alleged, we find consistent with Hamed andSmith, the trial court should have afforded appellant an evidentiary hearing.
 {¶ 12} The sole assignment of error is granted. The matter is reversed and remanded for an evidentiary hearing on appellant's Crim.R. 32.1 motion.
 {¶ 13} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby reversed and remanded.
Hoffman, P.J. and Wise, J. concur.