OPINION JUDGMENT ENTRY
{¶ 1} Defendant Bruce A. Steward appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which overruled his amended motion to withdraw his plea of no-contest pursuant to Crim. R. 32.1. Appellant assigns two errors to the trial court:
 {¶ 2} "The defendant was denied his constitutional rights to the effective assistance of trial counsel in violation of article I Section 10 of the ohio constitution and the sixth amendment of the united states constitution.
 {¶ 3} "The defendant-appellant was denied his constitutional rights to due process and equal protection of law in violation of article 1 section 10 and 16 of the ohio constitution, and thefifth, sixth and fourteenth amendments of the united states constitution."
 {¶ 4} In its judgment entry overruling the motion, the trial court recited the procedural history of this action. Appellant pled no contest on October 26, 1994. Six years and eight months later he filed his first motion to withdraw the plea. The trial court overruled this motion treating it as a petition for post-conviction relief. On appeal, the Ohio Supreme Court remanded the motion back to the trial court for reconsideration pursuant to State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993,773 N.E.2d 522.
 {¶ 5} The trial court found appellant had the burden of establishing the existence of manifest injustice, because the proper administration of justice requires only allowing a plea to be withdrawn in extraordinary cases. The trial court found appellant had failed to demonstrate manifest injustice. The court noted appellant had changed his mind several times before finally entering the no-contest plea.
 I {¶ 6} In his first assignment of error, appellant argues he was denied the effective assistance of trial counsel prior to and at the time of entering his no contest plea. Appellant cites two instances. The first instance is trial counsel's alleged failure to adequately investigate the facts and circumstances related to the State's criminal charge prior to advising him to plead no-contest. The second instance is failure of defense counsel to present mitigating facts to reduce the severity of appellant's sentence.
 {¶ 7} Regarding failure of trial counsel to investigate the State's case and interview potential witnesses, we find this matter is outside the record on appeal, and thus, is not properly before us in this action.
 {¶ 8} Regarding the second instance of alleged ineffective assistance, we have reviewed the transcript on the change of plea, and the court explained the effect of his plea of no contest, and discussed with appellant the recommendation from the prosecutor about possible sentencing. When the trial court inquired whether there was anything appellant needed to be explained to him about his rights or potential sentencing, the appellant advised the court he had apologized to the persons involved in the incident which gave rise to the criminal charges. According to the trial court, the plea bargain offered to appellant provided for shock probation after six months incarceration, although the trial court warned appellant his pre-sentence investigation or behavior while incarcerated could affect the court's decision on shock probation.
 {¶ 9} In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court set forth a two-prong test requiring an appellant to show both that trial counsel's representation falls below an objective standard of essential duty to the client, and also that the substandard performance prejudiced the appellant's ability to receive a fair and reliable trial. The Ohio Supreme Court has adopted the two-prong test, see State v.Bradley (1989), 42 Ohio St.3d 136.
 {¶ 10} Our review of the record before us leads us to conclude that appellant cannot demonstrate counsel was ineffective.
 {¶ 11} The first assignment of error is overruled.
 II {¶ 12} In his second assignment of error, appellant argues the trial court committed numerous plain errors which violated his constitutional rights. Appellant lists seven instances.
 {¶ 13} The first instance appellant alleges is that the trial court did not call for explanation of circumstances from the State prior to accepting the plea. As stated supra, we have reviewed the transcript of the hearing on the change of plea, and we find the trial court advised appellant he was charged with knowingly causing physical harm to Robert Maurer. The court also advised appellant if he pled no contest, he would admit the truth of the facts contained in the indictment. We find this is sufficient statement of facts on the record. Secondly, appellant argues the trial court did not ask if there were any mitigating circumstances. In fact, appellant informed the court he had apologized to the parties involved at the change of plea hearing. This court does not have before it a transcript of the sentencing hearing, and we are unable to determine what occurred at that time.
 {¶ 14} The third instance appellant cites is the trial court failed to find him guilty of felonious assault. At the change of plea hearing, the trial court stated: "Based on your plea of no-contest and your admission of those facts, I am going to find you guilty. * * *", Change of Plea Hearing, at 9.
 {¶ 15} Next, appellant argues the trial court completed the waiver and plea entry outside the presence of appellant and his counsel. We find the record does not support this contention. The hearing on the change of plea was held October 26, 1994. The entry shows service was made to the prosecutor, the defense attorney, and the probation officer on October 27, 1994. The entry itself was filed on October 28, 1994. There is nothing improper on the face of the document.
 {¶ 16} Next, appellant argues the trial court failed to hold an evidentiary hearing on the appellant's motion to withdraw his no-contest plea.
 {¶ 17} A hearing on a post-sentence motion to withdraw a plea of no-contest is required if the facts alleged by the defendant, if accepted as true, would require the court to permit the plea to be withdrawn, see, e.g., State v. Hamed (1989),63 Ohio App.3d 5, 577 N.E.2d 1111. In Hamed, the Court of Appeals for Cuyahoga County found where an accused alleges his trial counsel failed to discuss with him any plausible defenses, alternative strategies, the nature and effect of his no-contest plea, or any mitigating evidence, then the trial court is required to conduct a hearing to determine whether it should permit the accused to withdraw the plea. The court noted the issue is whether counsel's failure to prepare the case precluded the appellant's ability to make a knowing, voluntary, and intelligent no-contest plea. The Eighth District Court of Appeals contrasted the Hamed, case with numerous other cases, wherein the allegations were less serious, and more general.
 {¶ 18} In its judgment entry overruling the motion, the trial court reviewed appellant's allegations of ineffective assistance. The court found the record overwhelmingly demonstrated appellant understood his rights and effectively waived those rights by his no-contest plea. We agree. We find appellant's allegations are contradicted by the record.
 {¶ 19} Next, appellant argues the trial court improperly permitted the State to respond to his motion well past the time limit, without stating any cause to excuse the untimely filing. Appellant also asserts the State's response was not properly served on him. We find appellant was not prejudiced by any irregularities in the State's response.
 {¶ 20} The second assignment of error is overruled.
 {¶ 21} For the forgoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Wise, J., and Edwards, J., concur.
 {¶ 22} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.