OPINION
{¶ 1} On July 29, 2004, the Muskingum County Grand Jury indicted appellant, Steven Larimer, on two counts of voyeurism in violation of R.C. 2907.08(C) and (D)(1) and one count of tampering with evidence in violation of R.C. 2921.12. Said charges arose from an incident wherein appellant videotaped his daughter, age 9, and her friend, age 11, in the shower and then erased the tape.
 {¶ 2} On September 20, 2004, appellant pled guilty to the charges. By judgment entries filed November 4 and 12, 2004, the trial court sentenced appellant to an aggregate term of two years in prison.
 {¶ 3} On October 26, 2005, appellant filed a motion to withdraw his guilty pleas. By judgment entry filed November 21, 2005, the trial court denied the motion without hearing.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are follows:
 I {¶ 5} "THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION TO DENY THE POST-SENTENCE MOTION TO WITHDRAW GUILTY PLEA WITHOUT A HEARING, BECAUSE THE MOTION ESTABLISHED A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL TANTAMOUNT TO MANIFEST INJUSTICE WHEN COUNSEL ADVISED HIS CLIENT TO PLEAD GUILTY TO ACTUAL OFFENSES, WHERE THE EVIDENCE ONLY SUPPORTED AN ATTEMPT OF THOSE CHARGED OFFENSES."
 II {¶ 6} "THE TRIAL COURT ERRED AND ABUSED JUDICIAL DISCRETION TO DENY THE POST-SENTENCE MOTION TO WITHDRAW GUILTY PLEA WITHOUT A HEARING, BECAUSE THE MOTION ESTABLISHED A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL TANTAMOUNT TO A MANIFEST INJUSTICE WHEN COUNSEL ADVISED HIS CLIENT TO PLEAD GUILTY TO A CHARGE THAT WAS NOT SUPPORTED BY THE EVIDENCE."
 I, II {¶ 7} Appellant claims the trial court erred in denying his motion to withdraw his guilty pleas and in failing to hold a hearing. We disagree.
 {¶ 8} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. State v. Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 9} A trial court is required to hold a hearing on a motion to withdraw a guilty plea "if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." State v. Hamed (1989), 63 Ohio App.3d 5, 7. "[T]he good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith, supra, at 264.
 {¶ 10} Appellant argues he pled guilty because he was denied the effective assistance of trial counsel. He argues his trial counsel advised him to plead guilty when in fact the indictment could not have been proven by the sufficient weight of the evidence.
 {¶ 11} In his motion to withdraw, appellant argued he destroyed the videotape of his daughter and her friend showering without viewing it therefore, he could not have been convicted of voyeurism. He argues he merely attempted to commit the offense, but did not go through with it.
 {¶ 12} Appellant pled guilty to voyeurism in violation of R.C. 2907.08(C) and (D)(1) which state as follows:
 {¶ 13} "(C) No person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another to photograph the other person in a state of nudity if the other person is a minor.
 {¶ 14} "(D) No person, for the purpose of sexually arousing or gratifying the person's self, shall commit trespass or otherwise surreptitiously invade the privacy of another to photograph the other person in a state of nudity if the other person is a minor and any of the following applies:
 {¶ 15} "(1) The offender is the minor's natural or adoptive parent, stepparent, guardian, or custodian, or person in loco parentis of the minor."
 {¶ 16} An attempt to commit an offense is defined in R.C.2923.02(A) as follows:
 {¶ 17} "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 18} Appellant admitted to videotaping the children in the shower, in other words, "surreptitiously invade the privacy of another to photograph the other person in a state of nudity if the other person is a minor." His defense is that he decided not to view the videotape.
 {¶ 19} Given the assertion in his motion, we find evidence was not presented that would have required a hearing.
 {¶ 20} Upon review, we find the trial court did not err in denying appellant's Crim.R. 32.1 motion as it did not demonstrate any manifest injustice.
 {¶ 21} Assignments of Error I and II are denied.
 {¶ 22} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
By Farmer, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.