{¶ 38} I respectfully dissent.
 {¶ 39} Crim.R. 32.1 states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 40} "An appellate court will review the trial court's determination of the Crim.R. 32.1 motion for an abuse of discretion." State v.Desellems (Feb. 12, 1999), 11th Dist. No. 98-L-053, 1999 Ohio App. LEXIS 458, at 8, citing Blatnik, supra, at 202. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Desellems, supra, at 8, *Page 12 
citing State v. Montgomery (1991), 61 Ohio St.3d 410, 413. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. State v. Ferranto (1925),112 Ohio St. 667, 676-678.
 {¶ 41} "Ineffective assistance of counsel is a proper basis for seeking post-sentence withdrawal of a guilty plea." Turner, supra, at ¶ 27, citing Dalton, supra, State v. Hamed (1989), 63 Ohio App.3d 5. A hearing on a postsentence motion to withdraw a guilty plea is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn. Blatnik, supra, at 204.
 {¶ 42} In the case at bar, appellant alleges that his counsel failed to inform him of the lab reports, and that he did not find out about the reports until after his guilty plea. If appellant's counsel failed to inform him of the lab reports, then appellant's plea was less than knowing and voluntary. It is plausible that appellant may have decided to take his chances at trial, had he known the results of the lab reports when he pleaded guilty. Counsel's deficient performance created a manifest injustice by impairing the knowing, intelligent, and voluntary character of appellant's plea. Appellant was entitled to a hearing to establish the truth of the ineffective assistance of counsel allegations asserted in his motion to withdraw his guilty plea. I believe the trial court abused its discretion in overruling his motion to withdraw his guilty plea without conducting a hearing. SeeTurner, supra, at ¶ 28; Kidd, supra, at ¶ 14.
 {¶ 43} For the foregoing reasons, I would reverse the judgment of the trial court and remand the matter for further proceedings. *Page 1