[Cite as *State v. Sanchez*, 2017-Ohio-7442.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 4-17-10

    v.

JESSE SANCHEZ,

    O P I N I O N

    DEFENDANT-APPELLANT.


**Appeal from Defiance County Common Pleas Court**
**Trial Court No. 15-CR-12341**

**Judgment Affirmed**

**Date of Decision: September 5, 2017**


APPEARANCES:

    *Jesse Sanchez*, Appellant

    *Russell R. Herman* for Appellee

**WILLAMOWKSI, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary judgment entry. Defendant-appellant Jesse Sanchez ("Sanchez") brings this appeal from the judgment of the Court of Common Pleas of Defiance County denying his motion to withdraw his guilty plea. For the reasons set forth below, the judgment is affirmed.

{¶2} On August 13, 2015, Sanchez was indicted on six counts: 1) Trafficking in Cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(e), a felony of the second degree; 2) Permitting Drug Abuse in violation of R.C. 2925.13(A), a felony of the fifth degree; 3) Trafficking in Cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(f), a felony of the first degree; 4) Trafficking in Cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(f), a felony of the first degree; 5) Trafficking in Cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(g), a felony of the first degree; and 6) Engaging in a Pattern of Corrupt Activity in violation of R.C. 2923.32(A)(1), (B)(1), a felony of the first degree. Doc. 1. On August 9, 2016, a pre-trial hearing was held in which Sanchez withdrew his not guilty pleas as to counts one, three, four, five, and six. Doc. 36. Sanchez then entered pleas of guilty to those offenses. *Id.* Count two of the indictment and the major drug offender specification set forth in count five were dismissed. *Id.* The trial court then sentenced Sanchez to an aggregate prison term of 14 years. *Id.* The judgment entry regarding this ruling was filed on September 6, 2016. *Id.*

{¶3} On October 31, 2016, Sanchez filed a notice of appeal from the judgment entry of conviction filed on September 19, 2016.[1]  An attorney was subsequently appointed for the purpose of appeal and a second notice of appeal was filed on November 17, 2016.  Doc. 48.  The appeal was dismissed and counsel was permitted to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

{¶4} On April 4, 2017, Sanchez filed a motion to withdraw his guilty plea. Doc. 52.  The motion was based upon Sanchez's claim that he could not have been sentenced on first degree felonies of cocaine because the lab report did not provide the exact amount of cocaine, only the mixture.  *Id.*  On May 3, 2017, the trial court denied the motion.  Doc. 53.  Sanchez filed his notice of appeal on June 8, 2017. Doc. 56.  On appeal, Sanchez raises two assignments of error.

## First Assignment of Error

**The trial court violated [Sanchez's] United States Fourteenth Amendment rights of Due Process of Law when it erred in denying his motion to withdraw [his] guilty plea.**

## Second Assignment of Error

**[Sanchez's] United States Fourteenth Amendment rights were violated when he was sentenced for first and second degree felonies but the evidence only supports a conviction and sentence of fifth degree felonies.**

---

[1] No entry or any other document was filed on September 19, 2016.  We presume that he meant the entry filed on September 6, 2016

{¶5} In both of the assignments of error, Sanchez argues that the trial court erred in denying his motion to withdraw his guilty plea. "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea. Crim.R. 32.1.

> **When a trial court reviews a motion to withdraw a guilty plea, it decides, based upon the allegations in appellant's motion, whether to hold an evidentiary hearing on the motion. Generally, a hearing on a postsentence motion to withdraw a plea "is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn."** *State v. Hamed* **(1989), 63 Ohio App.3d 5, 7, 577 N.E.2d 1111, 1112; see, also,** *State v. Blatnik* **(1984), 17 Ohio App.3d 201, 17 OBR 391, 478 N.E.2d 1016.**

*State v. Nathan*, 99 Ohio App.3d 722, 725, 651 N.E.2d 1044 (3d Dist. 1995).

{¶6} In this case, the motion filed by Sanchez was based upon the holding of the Supreme Court of Ohio in *State v Gonzales*, ___ Ohio St.3d ___, 2016-Ohio-8319, ___ N.E.2d ___. In that case, the Court determined that the amount of cocaine without filler must meet the statutory minimums to support convictions higher than a fifth degree felony. This conclusion was then expanded to include those charged with trafficking in cocaine as charged under R.C. 2925.03. *State v. Sanchez*, ___ Ohio St.3d ___, 2016-Ohio-8470, ___ N.E.3d ___. However, the Court vacated the initial judgment in *Gonzales* when it reconsidered the opinion. *State v. Gonzales*, ____ Ohio St.3d ____, 2017-Ohio-777, ____ N.E.3d ____. The Court then concluded that the applicable offense level for the amount of cocaine was

"determined by the total weight of the drug involved, including any fillers that are part of the usable drug." *Id*. at ¶ 18. Given the current law as set forth in *Gonzales,* as reconsidered, the filler may be considered when determining the applicable offense level. This level determines what the sentence ranges are. As there was no arguable merit raised by Sanchez in his postconviction motion to withdraw his guilty plea, the trial court was not required to hold a hearing, and the trial court did not err in denying the motion upon its face. The assignments of error are thus overruled.

{¶7} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Defiance County is affirmed.

*Judgment Affirmed*

**PRESTON, P.J., concurs in judgment only.**

**ZIMMERMAN, J., concurs.**

**/hls**