DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, which denied appellant's motion to withdraw his guilty plea pursuant to Crim.R. 32.1. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Jeffrey Jones, sets forth the following two assignments of error: *Page 2 
 {¶ 3} "I. The Trial Court abused its discretion and erred to the prejudice of Appellant by denying his Motion to Withdraw Guilty Plea.
 {¶ 4} "II. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 10 of the Constitution of the State of Ohio."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. This case stems from a traffic stop, on March 3, 2006, in Bowling Green, Ohio. The traffic stop was initiated in response to several routine traffic violations. The traffic stop led to the discovery of crack cocaine, a crack pipe, and other crack related materials in appellant's vehicle.
 {¶ 6} On June 8, 2006, appellant was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A). On June 16, 2006, appellant was found indigent and received appointed counsel. On July 19, 2006, appellee filed a motion to revoke appellant's bond for violating its terms. On August 4, 2006, appellant entered a plea of guilty to one count against him and his case was referred to the probation department for a presentence report.
 {¶ 7} On October 13, 2006, appellant was sentenced to a term of 11 months incarceration. On October 17, 2006, appellant filed a post-sentencing motion to withdraw his guilty plea pursuant to Crim.R. 32. On October 20, 2006, appellant's motion was denied. Appellant filed a timely notice of appeal. *Page 3 
 {¶ 8} In his first assignment of error, appellant asserts that the trial court abused its discretion in denying his Crim.R. 32 motion to withdraw his guilty plea. In support, appellant essentially argues that it was not properly conveyed to him that the potential sentencing outcome for his felony conviction could deviate from his minimal sentencing expectations.
 {¶ 9} Specifically, appellant repeatedly suggests that he was not properly informed that the trial court was not strictly bound by the sentencing recommendations of the state of Ohio. In conjunction with this argument, appellant unilaterally asserts without evidentiary support from the record that he was "set up" at sentencing to expect community control. In the wake of his dissatisfaction with not receiving community control, appellant filed a post-sentencing motion to withdraw his plea. It was denied. That is what brought the case before this court.
 {¶ 10} It is well established that Crim.R. 32 motions to withdraw pleas made prior to sentencing are treated permissively and generally granted. On the contrary, when such motions are made post-sentencing, they may only be granted if it is demonstrated that manifest injustice would result from the denial of the motion. State v. Smith (1977), 49 Ohio St.2d 261.
 {¶ 11} A trial court determination whether to grant a Crim.R. 32 motion to withdraw a guilty plea rests soundly within the court's discretion and will not be overturned on appeal absent an abuse of that discretion. State v. Xie (1992), 62 Ohio St.3d 521, 526. It is axiomatic that an abuse of discretion requires more than a mere error *Page 4 
of law or judgment. It must be shown that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 12} In the present case, appellant relies exclusively on his contention that during the course of his case he was never properly cautioned or informed that a state sentencing recommendation is not strictly adhered to by the trial court. While we note that the plain meaning of the term "recommendation" undermines this contention, we must scrutinize the record for any factual evidence that lends credence to appellant's assertion.
 {¶ 13} We have carefully reviewed the record for any indicia in support of appellant's claim that he was uninformed and/or misled prior to sentencing so as to cause a manifest miscarriage of justice. We do not concur with appellant's assessment of sentencing.
 {¶ 14} The record reflects that appellant was specifically informed at sentencing of the precise potential maximum sentence faced as a result of his conviction. At sentencing, the trial court stated to appellant, "You understand the offense here is possession of cocaine with specifications, carries with it a possible penalty of six to twelve months, up to $2500 fine, up to three years of post release control, and a driver's license suspension of from six months to five years; you understand those possible penalties?" Appellant replied, "Yes, I do." Appellant's unequivocal verbal affirmation of his understanding of the discretionary sentencing range available to the court rebukes the primary argument he offers in support of his appeal. *Page 5 
 {¶ 15} While the most prudent course of action would be to precisely reiterate to each defendant at sentencing that the court is not bound by any prosecutor recommendations, there is absolutely nothing in the record in this case that persuades us that an abuse of discretion transpired in sentencing appellant. We therefore defer to the judgment of the trial court in its decision on appellant's Crim.R. 32.1 motion. To do otherwise, "would allow defendants to withdraw their pleas when unfavorable sentences are received." State v. Mushrush (1999),135 Ohio App.3d 99, 107.
 {¶ 16} In conjunction with the above indicia that appellant was not deceived, duped or uninformed prior to sentencing, the record actually shows that appellant was presented with a detailed written plea agreement for his review prior to formalizing the plea agreement. Contrary to his assertions that he was misled and/or uninformed regarding sentencing discretion, the record shows that appellant reviewed every term of the plea agreement and assented to it. Appellant verified his assent by initialing each provision, including the one unambiguously stating that the trial court was not bound by recommendations of the state of Ohio.
 {¶ 17} The record contains ample evidence that appellant was fully apprised that the trial court was not bound by any state of Ohio recommendations. Appellant's first assignment of error is found not well-taken.
 {¶ 18} In appellant's second assignment of error, he asserts that he received ineffective assistance of counsel. The proffered basis underlying this assignment is analogous to appellant's first assignment of error. Appellant asserts that his counsel did *Page 6 
not properly instruct him of his potential sentencing consequences and that it was not adequately conveyed to him that the trial court was not bound to adhere to the prosecutor's sentencing recommendations.
 {¶ 19} To prevail on a claim of ineffective assistance of counsel, appellant must show conduct of counsel which undermined the proper functioning of the adversarial process such that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Strickland v. . Washington (1984),466 U.S. 668.
 {¶ 20} In support of the merit of his second assignment of error, appellant relies heavily on the case of State v. Hamed (1989),63 Ohio App.3d 5. We have reviewed the Hamed case and find that it is fundamentally distinguishable from, and immaterial to, the instant case. The Hamed case involved severely and indisputably deficient representation of trial counsel. By contrast, there is no objective or compelling evidence of ineffective counsel in the instant case, let alone clear and pervasive evidence of negligent representation as was the case in Hamed.
 {¶ 21} The record in this case establishes that appellant was specifically informed at sentencing of the possible maximum terms of sentencing. More importantly, the record establishes that appellant was presented with a written and detailed plea agreement *Page 7 
by his attorney specifically outlining that the trial court was not bound by prosecutor sentencing recommendations. Appellant reviewed this document. Appellant confirmed his assent by initialing each term of the proposed plea agreement, including the provision specifically informing him of the trial court's sentencing discretion independent of recommendations. Appellant's second assignment of error is found not well-taken.
 {¶ 22} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24. Judgment for the clerks expense incurred in preparation of the record, she's allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1