DECISION AND JUDGMENT
{¶ 1} Appellant, Fortuanto Medrano, appeals his conviction and sentence for the offense of driving under the influence, with specification, a violation of R.C. 4511.19(A)(1) and a third degree felony. Medrano pled guilty to the offense on October 26, 2007, in the Wood County Court of Common Pleas, pursuant to a plea agreement. The plea agreement provided that the state agreed to recommend a prison term of two years, to be served consecutively to imprisonment for a parole violation. *Page 2 
 {¶ 2} Under a judgment entry journalized on December 28, 2007, the trial court convicted appellant of driving under the influence, pursuant to the guilty plea. It chose, however, not to follow the state's recommendation for sentence. Instead, the trial court sentenced appellant to serve a five year prison term, ordered that he would not be eligible for any type of Boot Camp or early release by the Ohio Department of Corrections, suspended appellant's driver's license for seven years, imposed a mandatory $1,000 fine, and ordered both mandatory alcohol treatment and mandatory restricted license plates.
 {¶ 3} Appellant assigns two errors on appeal:
 {¶ 4} "Assignment of Error Number One
 {¶ 5} "The trial court failed to substantially comply with the requirements of Criminal Rule 11 when it accepted the defendant-appellant's plea of guilty.
 {¶ 6} "Assignment of Error Number Two
 {¶ 7} "The trial court abused its discretion by ordering at sentencing that the defendant-appellant would not be eligible for any sort of early release after sentencing the defendant to the maximum period of incarceration; and by sentencing the defendant to the maximum period of incarceration despite the recommendation of the prosecuting attorney for a lesser sentence."
 {¶ 8} Under Assignment of Error No. I, appellant claims that the trial court failed to substantially comply with Crim. R. 11, when accepting his guilty plea. He argues that the trial court knew appellant entered his plea based upon the state's recommendation as to sentence, but that the trial court failed to inform him either that the court was not *Page 3 
bound to follow the recommendation or that it did not intend to follow it. He claims further that a review of the hearing transcript discloses that he relied on the belief that the court would follow the recommendation in making his plea.
 {¶ 9} Crim. R. 11(C) governs the procedure to be followed by courts when accepting guilty and no contest pleas. State v. Sarkozy,117 Ohio St.3d 86, 2008-Ohio-509, ¶¶ 7-8. Crim. R. 11(C)(2)(a) provides:
 {¶ 10} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 11} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanction at the sentencing hearing."
 {¶ 12} Crim. R. 11(C) relates to both constitutional and nonconstitutional rights. Where it is claimed that the trial court failed to comply with the requirements of the rule, the nature of the right affected determines the standard to be applied to determine whether the failure invalidates the plea. State v. Veney, Slip Opinion No. 2008-Ohio-5200, ¶¶ 13-21. Generally, where a nonconstitutional right is involved, the Ohio Supreme Court has mandated that courts undertake a substantial compliance analysis to determine validity of the plea.State v. Veney ¶¶ 14-17; Sarkozy at ¶¶ 19-23; State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. "Substantial compliance means that *Page 4 
under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." State v. Veney at ¶ 15, quoting, State v.Nero (1990), 56 Ohio St.3d 106, 108. The right to be informed at the time of plea of the maximum sentence that could be imposed upon conviction is a nonconstitutional right under Crim. R. 11 analysis.State v. Fleming, 6th Dist. No. OT-07-024, 2008-Ohio-3844, ¶ 10.
 {¶ 13} The plain meaning of the term "recommendation" undermines appellant's contention that he believed that the trial court was bound by the state's recommended two year sentence under the plea agreement. See State v. Jones, 6th Dist. No. WD-06-082, 2007-Ohio-4090, ¶ 12. To recommend is to "advise" or "to present as worthy of acceptance or trial." Webster's Ninth New Collegiate Dictionary (1990) 984.
 {¶ 14} The terms of the plea agreement were stated, on the record and in open court, before the trial court accepted the guilty plea:
 {¶ 15} "The Court: This is the State of Ohio versus Fortuanto Medrano, Jr., 07-Cr.-241. Mr. Ohanian [the prosecutor], do you want to set forth any discussions leading to a change of plea?
 {¶ 16} "Mr. Ohanian: Thank you, Your Honor. It was my understanding Mr. Medrano would be tendering a plea to the one count set forth in the indictment. At sentencing the State would be recommending two years at the Department of *Page 5 
Rehabilitation and Correction consecutive to the parole violation the Defendant is or will be serving based upon a prior case here out of this Court.
 {¶ 17} "The Court: And Mr. Hart [defense counsel], is that your understanding of the agreement?
 {¶ 18} "Mr. Hart: It is, Your Honor, with a little more detail. It is my understanding that Mr. Medrano is currently serving a post-release control sentence in that any sentence that this Court would impose be consecutive to that sentence.
 {¶ 19} "The Court: All right. And Mr. Medrano, is that your understanding of the agreement with the prosecutor?
 {¶ 20} "Mr. Medrano: Yes, sir."
 {¶ 21} The trial court discussed the terms of the plea agreement directly with appellant. In the colloquy, appellant confirmed that the state was recommending a two year prison term and that the maximum prison term was five years and maximum fine was $15,000.00 for the offense. Appellant also confirmed that he understood those provisions of the agreement:
 {¶ 22} "The Court: Okay. The plea agreement set forth on the next page which is, again, that the State will be recommending two years consecutive to the parole violation. And you would be entering a plea to the offense of Driving Under the Influence, with specification, which is a felony of the third degree; is that correct?
 {¶ 23} "Mr. Medrano: Yes. Sir. *Page 6 
 {¶ 24} "The Court: All right. The penalty is explained to you on page three in paragraph G which you have initialed. This is a felony of the third degree, the maximum term is five years, maximum fine $15,000; do you understand that?
 {¶ 25} "Mr. Medrano: Yes. Sir."
 {¶ 26} Appellant is correct that the trial court failed to state directly to him at the time of the plea that the court was not bound by the state's recommendation of sentence. However, Paragraph F of the plea agreement includes the statement that "I understand that any recommendations are not binding on the Court and that no promises or guarantees as to sentence have been made to me." Paragraph G of the plea agreement also states that the maximum prison term for the offense was five years.
 {¶ 27} This court has previously recognized that the better practice "would be to precisely reiterate to each defendant at sentencing that the court is not bound by any prosecutor recommendations." State v.Jones at ¶ 15. However, the record lacks any evidence that appellant was misled into believing the state's sentencing recommendation would be binding on the trial court. In fact, the plea agreement provided that "any recommendations are not binding on the Court." Under such circumstances, we have held that a warning in the plea agreement itself of the possibility of the court imposing a greater sentence than recommended by the prosecutor is sufficient to uphold a guilty plea.State v. Jones at ¶¶ 13-17; State v. Walker (May 7, 1999), 6th Dist. No. L-98-1210; see State ex rel. Duran v. Kelsey, 106 Ohio St.3d 58,2005-Ohio-3674, ¶ 6. *Page 7 
 {¶ 28} Upon a review of the record, we conclude that the trial court substantially complied with Crim. R. 11(C)(2)(a) and that appellant subjectively understood the possibility of a greater sentence than recommended by the prosecutor at the time of his plea. We find Assignment of Error No. I is not well-taken.
 {¶ 29} Under Assignment of Error No. II, appellant argues that the trial court abused its discretion, at sentencing, by ordering that he not be eligible for any type of early release by the Ohio Department of Rehabilitation and Corrections and by imposing the maximum term of imprisonment of five years for the offense. Under State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus.
 {¶ 30} After Foster, sentencing courts are to continue to consider "the statutory considerations" and "factors" in the "general guidance statutes" — R.C. 2929.11 and 2929.12 in imposing sentences, as these statutes do not include a "mandate for judicial fact finding."Foster, ¶¶ 36-42. "Two statutory sections apply as a general judicial guide for every sentencing. The first, R.C. 2929.11 states that the court `shall be guided by' the overriding purposes of felony sentencing * * *." Foster at ¶ 36. R.C. 2929.11 lists matters to be considered "in achieving those purposes." Id.
 {¶ 31} "The second general statute, R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and *Page 8 
principles of sentencing.' R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C. 2929.12. These statutory sections provide a nonexclusive list for the court to consider." Foster at ¶ 37.
 {¶ 32} Before imposing sentence, the trial court stated that it had reviewed a presentence investigation report, as well as, seriousness and recidivism factors and the principles of felony sentencing. The trial court stated that this conviction was appellant's seventh conviction for a DUI offense and that appellant committed it while on parole from an earlier DUI conviction. At the sentencing hearing, the trial court commented that recidivism is "extremely likely." The trial court concluded that prior sanctions for earlier DUI offenses had not made "any difference" in appellant's actions in drinking and driving and that it was necessary to imprison him to prevent future harm to others.
 {¶ 33} Such considerations come within the purposes of felony sentencing under R.C. 2929.11(A) and consideration of R.C. 2929.12
factors. R.C. 2929.11(A) provides that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." Discussion of the seriousness of the offense and likelihood of recidivism at the sentencing hearing serves as an indication that a trial court considered R.C. 2929.12 sentencing factors. State v. Swartz, 6th Dist. No. L-06-1401, 2007-Ohio-5304, ¶ 10; State v. Teel, 6th Dist. No. S-06-045,2007-Ohio-3570, ¶ 12. *Page 9 
 {¶ 34} We conclude that the trial court acted within its discretion to impose a sentence within the authorized statutory range for the offense and considered the purposes of felony sentencing under R.C. 2929.11 and sentencing factors under R.C. 2929.12 in determining sentence. Assignment of Error No. II is not well-taken.
 {¶ 35} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair hearing and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., Concur. *Page 1