DECISION AND JUDGMENT
{¶ 1} Defendant-appellant, Edward Summers, appeals the August 21, 2007 judgment of the Lucas County Court of Common Pleas which, following a plea of guilty to one count of possession of crack cocaine, sentenced appellant to five years of imprisonment, a five-year driver's license suspension, and a mandatory $7,500 fine. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} On May 4, 2007, appellant was indicted on one count each of possession of crack cocaine, in violation of R.C. 2925.11(A) and (C)(4)(e), a first degree felony; *Page 2 
trafficking in cocaine, in violation of R.C. 2925.03(A)(2) and (C)(4)(f), a first degree felony; and having weapons while under disability, in violation of 2923.13(A)(3), a third degree felony. Appellant entered not guilty pleas to the charges.
 {¶ 3} The charges in the indictment stemmed from an incident on January 12, 2007, when Toledo police executed a search warrant at appellant's residence. Crack cocaine was discovered both inside the residence and inside and outside of appellant's vehicle where he had been standing. The police also recovered items used in the trafficking of crack cocaine; various weapons were found inside the home.
 {¶ 4} On July 9, 2007, appellant withdrew his not guilty pleas and entered a guilty plea to one count of possession of crack cocaine. Pursuant to an agreement with the state, a nolle prosequi was entered as to the remaining counts. On August 21, 2007, appellant was sentenced to five years of imprisonment, a five-year license suspension, and a mandatory fine. This appeal followed.
 {¶ 5} Appellant has raised the following two assignments of error for our review:
 {¶ 6} "Assignment of Error No. 1: Mr. Summers' plea of guilty to one count of possession of crack cocaine should be vacated because it was not entered into knowingly and voluntarily because Mr. Summers was not properly advised by counsel of the contents of the plea form and the effect of the sentencing recommendation.
 {¶ 7} "Assignment of Error No. 2: The guilty plea should be vacated because counsel was ineffective in that he failed to file a motion to suppress the evidence and *Page 3 
defendant was prejudiced by this failure in that evidence that may have been suppressible was an inducement to enter the guilty plea."
 {¶ 8} In appellant's first assignment of error, he argues that his guilty plea was not knowing and voluntary because he did not understand that the state's recommendation of a two-year prison sentence was not binding on the trial court. Before accepting a plea of guilty, Crim. R. 11(C)(2) requires that the trial court inform a defendant of the constitutional rights he waives by entering the plea. State v. Nero
(1990), 56 Ohio St.3d 106, 107. Specifically, Crim. R. 11(C)(2) provides:
 {¶ 9} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 11} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 12} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the *Page 4 
defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 13} Upon appellate review, the trial court's acceptance of a guilty plea will be considered knowing, intelligent and voluntary so long as, before accepting the plea, the trial court substantially complies with the procedure set forth in Crim. R. 11(C). Nero at 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 14} In the instant case, at the July 9, 2007 plea hearing appellant was informed of the consequences of his plea including the two-year minimum prison sentence, the maximum sentence, post-release control, the range of the driver's license suspension, and the mandatory fine. The court also informed appellant of the various constitutional rights he was waiving by entering a guilty plea.
 {¶ 15} Regarding the potential length of appellant's sentence, the trial court stated:
 {¶ 16} "THE COURT: Now, knowing it's a mandatory sentence and knowing you can serve a maximum of eight years in the state penitentiary do you maintain your plea of guilty.
 {¶ 17} "MR. SUMMERS: Yes, ma'am.
 {¶ 18} "THE COURT: So you understand fully the consequences of the plea, presume you're going to receive an 8-year sentence. Knowing that do you still maintain your plea of guilty? *Page 5 
 {¶ 19} "MR. SUMMERS: Yes, ma'am."
 {¶ 20} Appellant also denied that any threats or promises (other than the state's promise to dismiss counts two and three of the indictment) were made in exchange for his guilty plea. Appellant also stated that he was satisfied with his attorney's advice and representation and indicated that he believed that entering the guilty plea was in his best interest.
 {¶ 21} Thereafter, at the August 17, 2007 sentencing hearing the trial court reiterated that appellant should presume that he would receive an eight-year sentence. The court then reviewed again the potential sentence, including post-release control. Appellant's attorney then made a statement on his behalf; he stated, in part:
 {¶ 22} "Through the negotiated plea, it was amended to an F2. The Prosecutor and Detective Greenwood — I think we all came together and kind of agreed to what happened. I mean, he is not trying to hide the ball or tell you he's completely innocent. He's admitted to what he's done. I know the State of Ohio made a non-binding recommendation in this case, so Ed knows that you don't have to follow that, Judge."
 {¶ 23} Imposing a non-minimum sentence, the trial court chronicled appellant's prior felony drug convictions, including trafficking in crack cocaine. The court noted that appellant engaged in a pattern of selling illegal drugs, getting caught, serving his sentence, and then continuing to sell illegal drugs.
 {¶ 24} This court has repeatedly held that a trial court is not bound to follow the state's sentencing recommendations. See State v.Jones, 6th Dist. No. WD-06-082, 2007-Ohio-4090; State v. Walker (May 7, 1999), 6th Dist. No. L-98-1210. At the plea hearing *Page 6 
appellant was informed that he should presume that he would receive the maximum sentence; at sentencing, appellant was again told to presume that he would receive a maximum sentence. Appellant's attorney then informed the court that appellant was aware that the judge was not bound by the state's recommendations. Further, the trial court specifically stated the reasons for deviating from the minimum sentence.
 {¶ 25} Based on the foregoing, we find that the trial court substantially complied with Crim. R. 11(C), and that appellant subjectively understood the possibility of a sentence greater than the state's recommendation. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 26} In appellant's second assignment of error, he contends that he received ineffective assistance of trial counsel when counsel failed to file a motion to suppress the evidence obtained during the execution of the search warrant. Appellant argues that his inability to fully evaluate the strengths and weaknesses of his case prevented him from entering a knowing plea.
 {¶ 27} The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and (2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687, 104 S.Ct. 2052,80 L.Ed.2d 674. In essence, appellant must show that the proceedings, due to his attorney's ineffectiveness, were so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693. *Page 7 
Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his or her duties in an ethical and competent manner. State v. Hamblin (1988), 37 Ohio St.3d 153, 155-156.
 {¶ 28} As correctly noted by the state, trial counsel is not presumed ineffective for failing to file a motion to suppress. State v.Madrigal, 87 Ohio St.3d 378, 2000-Ohio-448. Such failure constitutes ineffective assistance of counsel only where the record demonstrates a reasonable probability that the motion would have been granted.State v. Jackson, 8th Dist. No. 86542, 2006-Ohio-1938.
 {¶ 29} In the instant case, appellant has not demonstrated any possibility that the motion to suppress would have been granted. Further, appellant asserts that the motion to suppress was necessary because of the "very serious nature of the charges." However, appellant's attorney was able to negotiate a plea agreement with the state to dismiss the trafficking in cocaine charge (a first degree felony) and the charge of having weapons while under disability (a third degree felony.) Further, the possession of crack cocaine charge was reduced to a second degree felony. Accordingly we find that appellant has failed to demonstrate that his trial counsel was ineffective. Appellant's second assignment of error is not well-taken.
 {¶ 30} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of *Page 8 
Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Arlene Singer, J. concur. *Page 1