[Cite as *State v. Lewis*, 2011-Ohio-1457.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-103 |
| | ) | |
| JOSEPH B. LEWIS, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
                              Pleas of Mahoning County, Ohio
                              Case No. 10CR256

JUDGMENT:                     Affirmed

APPEARANCES:
For Plaintiff-Appellee        Paul Gains
                              Prosecutor
                              Ralph M. Rivera
                              Assistant Prosecutor
                              21 W. Boardman St., 6th Floor
                              Youngstown, Ohio 44503

For Defendant-Appellant       Attorney Joshua R. Hiznay
                              1040 S. Common Place, Suite 202
                              Youngstown, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: March 24, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, Joseph Lewis, appeals from a Mahoning County Common Pleas Court judgment convicting him of two counts of domestic violence and the resulting sentence, following a guilty plea.

{¶2} A Mahoning County grand jury indicted appellant on two counts of domestic violence, fourth-degree felonies in violation of R.C. 2919.25(A); and one count of disrupting public services, a fourth-degree felony in violation of R.C. 2909.04(A)(1).

{¶3} Appellant initially entered a not guilty plea. But pursuant to a plea agreement with plaintiff-appellee, the State of Ohio, appellant later pleaded guilty to the two counts of domestic violence. In exchange, the state dismissed the disrupting public services count and agreed to recommend community control at sentencing.

{¶4} The trial court sentenced appellant to 12 months on each count to be served concurrently.

{¶5} Appellant filed a timely notice of appeal on July 1, 2010.

{¶6} Appellant raises two assignments of error, the first of which states:

{¶7} "THE TRIAL COURT ERRED BY IMPOSING A SENTENCE WHICH EXCEEDED THE RECOMMENDATION OF THE STATE WITHOUT FIRST INFORMING APPELLANT LEWIS THAT THE COURT IS NOT REQUIRED TO FOLLOW THE STATE'S SENTENCING RECOMMENDATION AND THEREFORE HIS PLEA WAS NOT MADE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY."

{¶8} Appellant claims he did not knowingly, voluntarily, and intelligently enter his plea because the trial court failed to inform him that it was not required to follow the state's recommended sentence. He asserts that had the court warned him that it could impose a greater sentence than that recommended by the state, he would not have pleaded guilty.

{¶9} When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Johnson*, 7th Dist. No. 07-MA-8, 2008-Ohio-1065, at ¶8; *Brady v. United States* (1970), 397 U.S. 742. Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for

accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, at ¶11, citing *Boykin v. Alabama* (1969), 395 U.S. 238, 243.

**{¶10}** A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *Martinez*, 7th Dist. No. 03-MA-196, at ¶12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

**{¶11}** A trial court need only substantially comply with Crim.R. 11(C)(2) pertaining to non-constitutional rights such as informing the defendant of "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *Martinez*, supra, at ¶12, citing Crim.R. 11(C)(2)(a)(b).

**{¶12}** In this case, the trial court strictly complied with Crim.R. 11(C)(2) when it advised appellant of his constitutional rights. (Plea Tr. 5-6). Appellant does not take issue with this aspect of his plea.

**{¶13}** Further, appellant does not take issue with the court's compliance with informing him of the non-constitutional rights specifically listed in Crim.R. 11(C)(2)(a)(b). (Plea Tr. 3-4, 7).

**{¶14}** Appellant's only contention here is that the court failed to inform him that it did not have to abide by the state's recommended sentence.

**{¶15}** At the change of plea hearing, the following exchange took place:

**{¶16}** "THE COURT: * * * But when we do come back [for sentencing], the maximum or the most that you could be sentenced to on two different counts is 18

months in the penitentiary and a $5,000 fine.  So you're looking at three years and a $10,000 fine.  Do you understand?

**{¶17}** "THE DEFENDANT:  Yes, sir."  (Plea Tr. 7).

**{¶18}** Thus, while the court did not directly come out and say that it did not have to abide by the state's recommendation, it did make it clear to appellant that it could sentence him to up to three years in prison.

**{¶19}** Moreover, the change of plea form signed by appellant states:

**{¶20}** "ADDITIONALLY, I RECOGNIZE THAT SENTENCING LIES SOLELY WITHIN THE DISCRETION OF THE COURT AND THAT ANY AGREEMENT BETWEEN COUNSEL FOR THE STATE OF OHIO AND MY ATTORNEY IS MERELY A RECOMMENDATION."

**{¶21}** The change of plea form that appellant signed and acknowledged discussing with his attorney (Plea Tr. 9), clearly informs appellant that the court is not bound by the state's recommended sentence.

**{¶22}** And at the sentencing hearing, the trial court once again went over appellant's rights with him and made sure that he understood those rights at the time he entered his plea.  In doing so, the court addressed the issue of appellant's potential sentence:

**{¶23}** "THE COURT:  You also told me [at the change of plea hearing] that you understood sentencing and that sentencing is always up to the judge.  It is not up to your lawyer or up to the prosecutor.  And that you were looking at the possibility of three years or 18 months on each count, plus a $5,000 fine on each count in the penitentiary. You understood that?

**{¶24}** "THE DEFENDANT:  Yes, Sir."  (Sentencing Tr. 7).

**{¶25}** Here appellant told the court that he was aware *at the time he entered his plea* that his sentence was up to the court, regardless of the state's recommendation.

**{¶26}** In Ohio, it is well-established that a court is not bound to accept the state's recommended sentence as part of a negotiated plea agreement.  *State v.*

*Crable,* 7th Dist. No. 04-BE-17, 2004-Ohio-6812, at ¶11. It is not error for the trial court to impose a greater sentence than that which induced the defendant to plead guilty when the court cautions the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the state. Id.

**{¶27}** This court, as well as other courts, have held appellants' pleas to have been validly entered despite the trial courts' failure to specifically inform the appellants that the court is not bound by the state's recommendations when the signed plea form demonstrated that the appellants were aware that the courts were not required to follow the state's recommended sentences and the court correctly informed the appellants of the potential maximum sentences they could impose. See *Youngstown v. Cohen,* 7th Dist. No. 07-MA-16, 2008-Ohio-1191; *State v. Medrano,* 6th Dist. No. WD-08-006, 2008-Ohio-5809; *State v. Graham,* 3d Dist. No. 14-04-28, 2005-Ohio-1431.

**{¶28}** Here the trial court substantially complied with Crim.R. 11(C)(2)'s requirement that it advise appellant of his non-constitutional rights. The court orally informed appellant of the maximum penalties it could impose on him. The court then made sure that appellant had discussed the signed plea form with his counsel, which stated that he understood the court was not bound by the prosecutor's recommended sentence. Finally, at the sentencing hearing before imposing a sentence, the trial court made sure that appellant had understood when he entered his plea that his sentence was up to the court and not the prosecutor.

**{¶29}** Thus, appellant entered his plea knowingly, voluntarily, and intelligently. Accordingly, appellant's first assignment of error is without merit.

**{¶30}** Appellant's second assignment of error states:

**{¶31}** "THE TRIAL COURT ERRED BY IMPOSING A SENTENCE OF TWELVE MONTHS FOR COUNT ONE AND A SENTENCE OF TWELVE MONTHS FOR COUNT TWO TO BE SERVED CONCURRENTLY."

**{¶32}** Here appellant argues that the trial court abused its discretion in sentencing him to two concurrent 12-month prison terms. In support, appellant points

to the victim's statements at the sentencing hearing and argues that the R.C. 2929.12 factors weigh in his favor.

**{¶33}** Our review of felony sentences is now a limited, two-fold approach, as outlined in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio4912, at ¶26. First, we must examine the sentence to determine if it is "clearly and convincingly contrary to law." Id. (O'Conner, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶¶ 13-14 (O'Conner, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the court's discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion. Id. at ¶17 (O'Conner, J., plurality opinion). Thus, we apply an abuse of discretion standard to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. Id. at ¶17 (O'Connor, J., plurality opinion).

**{¶34}** Appellant was convicted of two fourth-degree felonies. The applicable sentences for a fourth-degree felony are six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4). Because the trial court sentenced appellant to two 12-month prison terms, appellant's sentence is within the statutory range.

**{¶35}** In its judgment entry of sentence, the trial court stated that it considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12.

**{¶36}** Collette Alvarado, appellant's fiancée, was the victim in this case. At sentencing, she told the court that appellant was "not a bad person" and that he helps her and her son. (Sentencing Tr. 3). She described the incident that lead to appellant's arrest as a "little argument" with no punching. (Sentencing Tr. 3). And she stated that she "blew things out of proportion" and said things in her statement that appellant did not really do. (Sentencing Tr. 4). Finally, she asked the court to place appellant on probation. (Sentencing Tr. 4).

**{¶37}** R.C. 2929.12(B) provides the court with factors that indicate that the offender's conduct is more serious than conduct normally constituting the offense:

**{¶38}** "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

**{¶39}** "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

**{¶40}** "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

**{¶41}** "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

**{¶42}** "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

**{¶43}** "(6) The offender's relationship with the victim facilitated the offense.

**{¶44}** "(7) The offender committed the offense for hire or as a part of an organized criminal activity.

**{¶45}** "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

**{¶46}** "(9) If the offense is a violation of section 2919.25 [domestic violence] or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children."

**{¶47}** R.C. 2929.12(C) provides the court with factors that indicate that the offender's conduct is less serious than conduct normally constituting the offense:

**{¶48}** "(1) The victim induced or facilitated the offense.

**{¶49}** "(2) In committing the offense, the offender acted under strong provocation.

**{¶50}** "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

**{¶51}** "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."

**{¶52}** Of the more serious factors, one applies. Appellant's relationship with Alvarado facilitated the offense because had the two not been in a relationship, the domestic violence would not have occurred.

**{¶53}** Of the less serious factors, appellant claims that R.C. 2929.12(C)(1) and (3) apply because Alvarado stated that she and appellant got into a little argument and that there was no punching. However, the court read from the arrest report that appellant threw furniture around, punched Alvarado in the eye, and punched her son in the stomach. (Sentencing Tr. 12). Thus, the court may have been inclined to disbelieve Alvarado's statements on these points.

**{¶54}** R.C. 2929.12(D) provides the court with factors that indicate that the offender is likely to commit future crimes:

**{¶55}** "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control * * * or had been unfavorably terminated from post-release control * * *.

**{¶56}** "(2) The offender previously was adjudicated a delinquent * * *, or the offender has a history of criminal convictions.

**{¶57}** "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * *, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

**{¶58}** "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the

offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

**{¶59}** "(5) The offender shows no genuine remorse for the offense."

**{¶60}** R.C. 2929.12(E) provides the court with factors that indicate that the offender is not likely to commit future crimes:

**{¶61}** "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

**{¶62}** "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

**{¶63}** "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

**{¶64}** "(4) The offense was committed under circumstances not likely to recur.

**{¶65}** "(5) The offender shows genuine remorse for the offense."

**{¶66}** As to the recidivism factors, the court referred to appellant's criminal history. It pointed out that this was appellant's fourth felony and it noted that "there are numerous violence-style affidavits of misdemeanors that are involved in his history." (Sentencing Tr. 12). And although the court did not refer to it, appellant did apologize for the incident. (Sentencing Tr. 11). But he said that the incident was blown out of proportion. (Sentencing Tr. 11). Again, given the arrest report, the court may have disbelieved appellant's statement here. And appellant's extensive criminal history clearly weighed in favor of appellant committing future crimes.

**{¶67}** In sum, the court stated that it considered all applicable factors. Several of the statutory factors weighed in favor of a harsher sentence than that recommended by the state. There is no indication that the trial court either failed to consider the sentencing factors or improperly applied them. Hence, the trial court did not abuse its discretion in sentencing appellant.

**{¶68}** Accordingly, appellant's second assignment of error is without merit.

**{¶69}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.