[Cite as *State v. Marshall*, 2015-Ohio-3189.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Charles Marshall

Appellant

Court of Appeals No. L-14-1135

Trial Court No. CR0201401001

**DECISION AND JUDGMENT**

Decided: August 7, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brad Smith, Assistant Prosecuting Attorney, for appellee.

Mollie B. Hojnicki, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Appellant, Charles Marshall, appeals the May 30, 2014 judgment of the

Lucas County Court of Common Pleas which, following his guilty plea to having a

weapon while under a disability, sentenced him to the maximum of 36 months of

imprisonment. Because we find that his plea was knowing and voluntary, we affirm.

**{¶ 2}** Appellant was indicted on January 2, 2014, on one count of having a weapon while under a disability, R.C. 2923.13(A)(3), a third degree felony, and one count of carrying a concealed weapon, R.C. 2923.12(A)(2) and (F), a fourth degree felony. Appellant was appointed counsel and entered not guilty pleas to the charges.

**{¶ 3}** On March 31, 2014, following mutual agreement, appellant's counsel withdrew and on April 4, 2014, new counsel was appointed. Thereafter, on May 6, 2014, appellant withdrew his not guilty pleas and entered a guilty plea to having a weapon while under a disability. Pursuant to an agreement with the state, the remaining charge was dismissed and the state agreed to recommend a 24-month sentence.

**{¶ 4}** On May 30, 2014, appellant was sentenced to the maximum sentence of 36 months in prison. Appellant timely appealed and raises the following assignment of error:

> First Assignment of Error: The trial court erred in accepting appellant's guilty plea when the plea was not entered into knowingly, intelligently and voluntarily.

**{¶ 5}** In appellant's sole assignment of error, he contends that his plea was not knowing and voluntary because he did not understand the maximum potential penalty that he faced. Before accepting a plea of guilty, Crim.R. 11(C)(2) requires that the trial court inform a defendant of the constitutional rights he waives by entering the plea. *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). Relevant to the issue before us, Crim.R. 11(C)(2) provides, in part:

2.

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 6} Upon appellate review, the trial court's acceptance of a guilty plea will be considered knowing, intelligent and voluntary so long as, before accepting the plea, the trial court substantially complies with the procedure set forth in Crim.R. 11(C). *Nero* at 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.*

{¶ 7} At appellant's May 5, 2014 plea hearing, the court informed appellant that the maximum sentence he faced was 36 months in prison and a $10,000 fine. When asked if appellant was satisfied with his counsel's advice and competence he responded:

THE DEFENDANT: It's just like everything been rush-rush, ain't been no – I mean, I don't feel like either attorney has been looking at my case or different things like that, but.

3.

THE COURT: Well, are you suggesting to the Court when you say that you don't believe that you really want to enter a plea to this court?

THE DEFENDANT: I'll enter plea. I have no problem with it.

* * *

THE COURT: Well, I don't know that I'm going to let you. * * * Cause I'll only accept the plea knowing that's a voluntary, complete waiver of your rights, and that you've been fully advised of your rights that you're giving up and the consequences of entering the plea. That's what I told you at the beginning of this. Do you understand that?

THE DEFENDANT: Yes.

The hearing continued and the following exchange took place.

THE COURT: * * * State's recommending that I consider a 24 month cap. You know I could impose a prison term of up to 36 months. State's recommending a 24 month cap. You know, cause I know your lawyer told you, that that's not binding on this court.

THE DEFENDANT: See, I didn't know that wasn't binding. I thought that was a binding plea.

THE COURT: You can ask the Court to impose a 24 month sentence. We can do that. That's a different animal. * * * That's called an agreed upon sentence. * * * Are you suggesting that you're willing to accept the sentence of 24 months?

4.

THE DEFENDANT: No, I just thought it was just – I thought the plea meant binding plea of 24 months or less.

THE COURT: You do not tie my hands unless you ask me to accept a specific period of incarceration. He told you that. You know he told you that.

THE DEFENDANT: No, he told me that 24 months or less that's what I was told.

THE COURT: Is what the State is recommending.

THE DEFENDANT: See, I didn't know that was a recommendation.

THE COURT: Well now you do. Are you telling me you don't want to enter this plea now?

THE DEFENDANT: I'll enter the plea, but that wasn't what was told to me that it was a recommendation.

* * *

MR. HUBBELL: I made it clear to the defendant that this was a recommendation. We went over the plea agreement. We discussed it last week. He was aware of the fact that this was a recommendation, the Court could impose up to 36 months. And the Court is correct, I indicated to him that it would be my conduct would [sic] be to persuade the Court that a sentence less than 36 – 24 months would be appropriate.

THE COURT:  Mr. Marshall, you have to tell me whether or not you want to proceed with this plea.

THE DEFENDANT:  Yes.

THE COURT:  Knowing that there's no guarantee you'll be sentenced to 24 months; correct?

THE DEFENDANT:  Yes.

{¶ 8} This court has repeatedly held that a trial court is not bound to follow the state's sentencing recommendations. *See State v. Summers*, 6th Dist. Lucas No. L-08-1055, 2009-Ohio-2280, ¶ 24-25, citing *State v. Jones,* 6th Dist. Wood No. WD-06-082, 2007-Ohio-4090; *State v. Walker*, 6th Dist. Lucas No. L-98-1210, 1999 WL 278120 (May 7, 1999).  As set forth above, at the plea hearing appellant was informed that he could receive the maximum 36-month sentence.  After some confusion, appellant agreed that the court would not be bound by the state's sentencing recommendations and he entered a guilty plea.  Appellant's attorney further informed the court that appellant was notified that the court was not bound by the state's recommendations.  At sentencing, the trial court specifically stated the reasons for imposing the maximum sentence which included the fact that appellant had previously served a prison term and committed the offense while on community control.

{¶ 9} Based on the foregoing, we find that the trial court substantially complied with Crim.R. 11(C), and that appellant subjectively understood the possibility of a

6.

sentence greater than the state's recommendation prior to entering his guilty plea. Accordingly, appellant's assignment of error is not well-taken.

{¶ 10} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.