OPINION
{¶ 1} Defendant Jackie Church appeals a judgment of the Court of Common Pleas of Morgan County, Ohio, which overruled his motion to withdraw the guilty plea he entered on August 13, 2003, to a charge of felonious assault with a firearm specification. Appellant had also pled guilty to a charge of attempted murder with a firearm specification, which is not at issue here. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S CRIM. R. 32.1 MOTION TO WITHDRAW HIS GUILTY PLEA WITHOUT FIRST CONDUCTING A HEARING."
 {¶ 3} On November 25, 2008, appellant moved the trial court to permit him to withdraw his guilty plea pursuant to Crim. R. 32.1. The court overruled the motion without oral hearing on December 1, 2008.
 {¶ 4} Crim. R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 5} Count two of the indictment states: (Of the term January in the year of 2002), the jurors of the Grand Jury of the State of Ohio, within and for the body of the County of aforesaid, on their oath, in the name and by the authority of the State of Ohio, do find and present that on or about September 16, 2002 in Morgan County, Ohio, Jack Church did knowingly cause serious physical harm to Kristy Hooper in violation of Ohio Revised Code Section 2903.11(A)(1), (felonious assault), a first degree felony and *Page 3 
against the peace and dignity of the State of Ohio. Specification: The Grand Jury further finds and specifies that Jack Church, had a firearm on or about his person or under his control while committing the offense and displayed the firearm, brandished the firearm, indicated that he possessed the firearm or used it to facilitate the offense."
 {¶ 6} Appellant correctly states the charge was not a first degree felony, but a second degree felony. Appellant alleges the trial court erred in accepting his guilty plea because the indictment was defective. The State replies the indictment was not faulty, but merely contains a scrivener's error which did not prejudice the appellant.
 {¶ 7} On August 13, 2003, the court accepted appellant's change of plea, and stated: "Based upon the statement of facts and admission by the defendant, the court accepts the defendant's oral and written jury waiver and guilty plea and finds the defendant guilty of * * * felonious assault in violation of Ohio Revised Code Section 2903.11 (A), with a firearm specification, a felony of the second degree."
 {¶ 8} Crim. R. 7 governs indictments. It states in pertinent part:
 {¶ 9} " (B) Nature and contents
 {¶ 10} The indictment shall be signed in accordance with Crim. R. 6(C) and (F) and contain a statement that the defendant has committed a public offense specified in the indictment. The information shall be signed by the prosecuting attorney or in the name of the prosecuting attorney by an assistant prosecuting attorney and shall contain a statement that the defendant has committed a public offense specified in the information. The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute *Page 4 
charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. Each count of the indictment or information shall state the numerical designation of the statute that the defendant is alleged to have violated. Error in the numerical designation or omission of the numerical designation shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant."
 {¶ 11} In State v. Lewis (March 7, 2001), Summit App. No. 20073, the Court of Appeals for the Ninth District reviewed a situation where the indictment charged a felony of the fourth degree, but the offense charged was actually a third degree felony. The court found where an indictment complies with Crim. R. 7 and gives the defendant notice of all the elements of the crime charged, and where amending the indictment would not change the identity of the crime charged, the defendant cannot show the error resulted in manifest injustice or misled the defendant as to the nature of the charges. Here, the indictment set out the facts sufficiently to give notice to appellant the nature of the charge against him. Further, although appellant was indicted for a first degree felony he was actually convicted and sentenced on a felony of the second degree.
 {¶ 12} Appellant has not demonstrated his guilty plea was not entered freely, knowingly, intelligently, voluntarily, or entered without fully understanding the nature of the charges and the possible consequences in penalties. *Page 5 
 {¶ 13} Appellant also alleges the court abused its discretion in failing to hold an evidentiary hearing.
 {¶ 14} Crim. R. 32.1 does not mandate an evidentiary hearing, and for this reason a court must hold an evidentiary hearing only in cases where the facts, taken as true, would require the court to permit the plea to be withdrawn. State v. Steward, Richland App. No. 03-CA-69,2004-Ohio-3054, at paragraph 17, citing State v. Hamad (1989),63 Ohio App. 3d 5, 577 N.E. 2d 1111.
 {¶ 15} We find the trial court did not err in not conducting an evidentiary hearing, and in overruling appellant's motion to withdraw his guilty plea. The assignment of error is overruled.
 {¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed.
By Gwin, J., Farmer, P.J., and Wise, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed. Costs to appellant. *Page 1