[Cite as *State v. Church*, 2012-Ohio-3481.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 12-CA-2 |
| JACKIE CHURCH | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Morgan County Court of Common Pleas, Case No. 02-CR-0065 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 30, 2012 |
| APPEARANCES: | |

For Plaintiff-Appellee

For Defendant-Appellant

MARK J. HOWDYSHELL
Prosecuting Attorney
19 East Main Street
McConnelsville, Ohio 43756

JACKIE CHURCH, PRO SE
#456-724
Hocking Correctional Facility
P.O. Box 59
Nelsonville, Ohio 45764

*Hoffman, J.*

{¶1} Defendant-appellant Jackie Church appeals the January 4, 2012 Journal Entry entered by the Morgan County Court of Common Pleas, which denied his motion to correct, modify, or vacate guilty plea. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On October 4, 2002, the Morgan County Grand Jury indicted Appellant on one count of attempted aggravated murder, in violation of R.C. 2903.01; and one count of felonious assault, in violation of R.C. 2903.11, both with firearm specifications; and one count of menacing by stalking, in violation of R.C. 2903.211.

{¶3} On July 8, 2003, Appellant pleaded guilty to attempted murder and felonious assault and attendant firearm specifications. By sentencing entry filed September 23, 2003, the trial court sentenced Appellant to an aggregate term of 19 years in prison. Upon remand by this Court for transcript irregularities, the trial court re-sentenced Appellant on November 4, 2004, to the same 19-year term.

{¶4} This Court affirmed in part and reversed in part the trial court's November 4, 2004 re-sentencing entry, and remanded the matter for further specification as to the amount of restitution. *State v. Church,* 5th Dist. App. Nos. CA04–010, CA03–007, 2005-Ohio-2984.

{¶5} On April 7, 2006, pursuant to the remand of this Court, the trial court issued a judgment which set forth the specific amount of restitution owed by Appellant.

{¶6} On November 2, 2007, Appellant filed a pro se motion titled, "Motion for Re-sentencing on Void Judgment and/or Appearance of Lack of Final Appealable Order." Appellee filed a timely response in opposition. The trial court summarily denied

Appellant's motion for re-sentencing without an oral hearing on December 12, 2007. This Court affirmed the trial court's decision. *State v. Church,* 5th Dist. App. No. 2008-CA-7, 2009-Ohio-2207.

{¶7} On November 25, 2008, Appellant moved the trial court to permit him to withdraw his guilty plea pursuant to Crim. R. 32.1. The trial court overruled the motion without oral hearing on December 1, 2008. This Court affirmed the decision of the trial court. *State v. Church*, 5th Dist. App. No. 2008-CA-0001, 2008-Ohio-1917.

{¶8} On July 30, 2010, Appellant filed a Motion to Correct, Modify, or Vacate Sentence. Therein, Appellant argued his conviction for felonious assault should be vacated because at the time of the offenses he was taking the prescription medication, Paxil. Via Journal Entry filed January 4, 2012, the trial court denied Appellant's motion.

{¶9} It is from this journal entry Appellant appeals, raising as his sole assignment of error:

{¶10} "I. THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S MOTION TO CORRECT, MODIFY OR VACATE SENTENCE BASED ON THE EFFECTS OF HIS MEDICATION UPON THE MENS REA ELEMENT OF KNOWING WHAT HE WAS DOING AT THE TIME HE WAS DOING IT IN THE COMMISSION OF CRIMINAL ACTS."

I

{¶11} We need not discuss the merits of Appellant's argument. First, we find the trial court was without jurisdiction to consider Appellant's motion. At best, Appellant's motion was, in essence, a motion to withdraw a guilty plea. The mechanism for seeking relief is set forth under Crim.R. 32.1. However, "Crim.R. 32.1 does not vest

jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *State ex rel. Special Prosecutors v. Judges,* 55 Ohio St.2d 94, 97–98, 378 N.E.2d 162 (1978). In other words, a trial court has no authority to reverse that which a superior court has affirmed. *State v. Vild,* 8th Dist. Nos. 87742 and 87965, 2007–Ohio–987.

**{¶12}** Because this Court previously affirmed Appellant's convictions and the trial court's previous denial of his motion to withdraw his plea in 2008, the trial court lacked jurisdiction to vacate the guilty plea. *See, e.g., State v. McGee,* 8th Dist. No. 82092, 2003–Ohio–1966, ¶ 19–22; *State v. Craddock,* 8th Dist. No. 87582, 2006–Ohio–5915, ¶ 10.

**{¶13}** Further, we find Appellant's failure to assert this claim until almost eight years after he was sentenced militated against granting of motion.

**{¶14}** Appellant's sole assignment of error is overruled.

**{¶15}** The judgment of Morgan County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee               :
                                       :
-vs-                                   :                JUDGMENT ENTRY
                                       :
JACKIE CHURCH                          :
                                       :
    Defendant-Appellant              :                Case No. 12-CA-2

For the reasons stated in our accompanying Opinion, the judgment of the

Morgan County Court of Common Pleas is affirmed.  Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER